OPINION OF THE COURT
Renee R. Roth, S.
This application by the income beneficiary of a 1923 testamentary trust requests the court to permit the trustee to *1006 invade principal to pay her nursing home expenses (EPTL 7-1.6).
Although the presumptive remainderman of the trust consents, the application is opposed by the trustee on the ground that it defeats the intention of the testator and that the consent of the beneficiary was coerced by the Department of Social Services of Nassau County.
The law is now well settled that when a trustee is authorized by the governing instrument to invade principal for the income beneficiary’s maintenance or emergency needs, the court will not compel the trustee to exercise such discretion to pay expenses which would otherwise be paid by governmental funds (see, Matter of Escher, 94 Misc 2d 952, affd 75 AD2d 531, affd 52 NY2d 1006; Matter of Maul v Fitzgerald, 78 AD2d 706; Matter of Damon, 71 AD2d 916).
This will, however, does not give the trustee authority to invade principal for the benefit of the income beneficiary even in an emergency. Thus, the novel issue is whether under EPTL 7-1.6 the court may direct invasion of principal to pay the income beneficiary’s nursing home expenses based upon the consent of the presumptive remainderman, although a trustee with discretionary power to invade would not be required to exercise such discretion.
Subdivision (a) of EPTL 7-1.6 (applicable to trusts created before 1967) authorizes the court in its discretion to make an allowance from principal where the income beneficiary is not entitled to any part of the corpus if (1) all persons beneficially interested in the trust are adult and competent and consent in writing and (2) "the court * * * is satisfied that the original purpose of the creator of the trust cannot be carried out and that such allowance effectuates the intention of the creator”.
None of these prerequisites is fulfilled in this case.
The trust in question was created by a will admitted to probate in 1923. Under the will, testator Elias Surut established a preresiduary trust for the life income benefit of his daughter, Frieda Berg, with remainder to be paid as she directs under a general power of appointment or in default thereof to Mrs. Berg’s children or if none to her brother and sisters. Mrs. Berg has one child, Susie Berg Waldman, the presumptive remainderman of the trust. The will specifically provides that the term children excludes grandchildren. Mrs. Berg’s siblings are dead. Testator bequeathed his residuary estate to his son, Louis.
*1007 Mrs. Berg’s assets, consisting of Social Security benefits and income from this $63,000 trust, are insufficient to cover her monthly nursing home expenses of $3,430.
Although all interested parties ostensibly agree to the proposed invasion, the trustee informs the court that the Department of Social Services granted Mrs. Berg’s application for Medicaid assistance only on condition that she institute this proceeding and that her daughter, Susie Berg Waldman, the presumptive remainderman, consent in writing to the invasion.
Clearly, Mrs. Waldman has no obligation under the law to support her mother. The court is constrained therefore to observe that by withholding Medicaid assistance from Mrs. Berg, the Department held her well-being hostage for a ransom it could not secure otherwise, namely, her daughter Susie’s consent to invasion of the trust. The Department’s attempt to circumvent the holdings in Escher (supra) and its progeny cannot succeed. It is undisputed that a consent is voidable unless it is made freely and not under duress (Matter of Bissell, 57 Misc 2d 220, 221; Matter of Faucette, NYLJ, Jan. 22, 1985, at 17, col 1). Under the circumstances it was obtained Susie Berg Waldman’s consent to the proposed invasion of the trust appears to be ineffective.
Even if the consent was valid, the application must be denied because there is no basis to justify a finding that invasion of principal is necessary to carry out the original purpose of the trust. The instrument is devoid of any indicia that Mr. Surut intended that his trustee apply principal for Mrs. Berg’s benefit. On the contrary, the trustee may not even invade in an emergency. Although testator gave his daughter an income interest during her life and the power to appoint the principal, he clearly did not give her the right to accelerate distribution of the remainder for her own benefit. Such would be the result if invasion were authorized. Finally, it is untenable to suggest the testator intended to consume the trust fund in paying the cost of his daughter’s institutional care which would otherwise be paid by society without stigma. Mr. Surut’s trust has no obligation to pay this expense after his death any more than he had during his lifetime.
The principle stated in Matter of Escher (supra) that where the governing instrument gives the trustee discretion to invade principal for the benefit of the income beneficiary the court will not direct the trustee to exercise such discretion to *1008 pay the beneficiary’s nursing home expenses, is equally, if not more, applicable where the will does not grant any invasion power at all to the trustee. Under these circumstances, the absence of a valid consent by the presumptive remainderman is not determinative and the court need not address the issue of jurisdiction over the takers in default of the exercise of the power of appointment in the event Mrs. Berg’s only child predeceases her.
Based upon the foregoing, the application to authorize the trustee to invade principal to pay Mrs. Berg’s nursing home expenses is denied.