In the Matter of PATRICIA J. ADDINGTON, as Attorney-in-Fact for RUTH C. ADDINGTON, Appellant, v MICHAEL J. DOWLING, as Commissioner of the New York State Department of Social Services, et al., Respondents. [624 NYS2d 499] —Judgment unanimously affirmed without costs. Memorandum: Supreme Court properly dismissed the petition seeking reversal of the fair hearing determination that Ruth C. Addington was ineligible for Medicaid benefits.

Petitioner contends that the transfer by Ruth Addington of assets to a trust created by her husband was subject to an

exception to the Medicaid eligibility penalty provisions in 18 NYCRR 360-4.4 (c) (1) (ii); (2) (i). That regulation, promulgated under the Social Services Law, provides that a transfer of assets will not be presumed to have been made for the purpose of meeting Medicaid eligibility requirements if "the resource was transferred by the applicant/recipient or his/her spouse on or after September 1, 1991, and the transfer was * * * between spouses or to another for the sole benefit of the person's spouse" (18 NYCRR 360-4.4 [c] [1] [ii]; [2] [i]).

Respondents' determination that the transfer of assets to the trust was not for the "sole benefit" of the spouse is rational and supported by substantial evidence *(see, Matter of Lumpkin v Department of Social Servs.,* 45 NY2d 351, 356, *appeal dismissed* 439 US 1040; *Matter of Pell v Board of Educ.,* 34 NY2d 222, 224). The trust gives the spouse the power to terminate the trust at any time, at which time the assets would pass to Ruth Addington's children. The trust further provides that, if Ruth Addington is alive at the termination of the trust and three years have not passed, she will receive income from the trust. Because Ruth Addington is a potential beneficiary of the trust and has, in effect, made a gift of the assets to her children by means of the trust, the transfer cannot be said to have been made for the sole benefit of her husband. The trust creates a mechanism by which Ruth Addington retains some control over the assets while evading Medicaid eligibility penalty provisions. That result conflicts with the intent of the regulations and is contrary to the policy underlying the law governing Medicaid (42 USC § 1396p; Social Services Law § 366 [5]). "The Social Services Law and pertinent regulations require consideration of only income and resources 'available' to the applicant in determining whether an individual is needy and thus eligible for assistance [citations omitted]. It has been observed, however, that, '[t]he word "needy" does not encompass a person who may create that need by failing or refusing to provide for her own needs' [citations omitted]" *(Matter of Tutino v Perales,* 153 AD2d 181, 186, *lv denied* 76 NY2d 705). (Appeal from Judgment of Supreme Court, Onondaga County, Nicholson, J.—Article 78.) Present—Pine, J. P., Wesley, Doerr, Davis and Boehm, JJ.