■ In the Matter of MARY FREY, Petitioner, v MARGARET O'REAGAN et al., Respondents. [629 NYS2d 444] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Department of Social Services, dated June 18, 1993, which, after a fair hearing, upheld so much of the determination of the respondent Suffolk County Department of Social Services as denied the petitioner's application for medical assistance.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

There is essentially no dispute as to the facts, the issues framed by the pleadings submitted to the Supreme Court involved, in substance, questions of law only, and no "substantial evidence" question (CPLR 7803 [4]) was in fact presented. Thus, the transfer of the proceeding to this Court pursuant to CPLR 7804 (g) was improper. This Court may nevertheless entertain the proceeding and determine the issues raised on the merits *(see, Matter of Tutino v Perales,* 153 AD2d 181, 185, n 3).

The respondent New York State Department of Social Services determined that the more than $100,000 held in an irrevocable inter vivos trust, established in 1964 by the petitioner's husband, and of which the petitioner is the income beneficiary, must be considered a "non-exempt resource" in that "the trustee can invade the entire principal for the support of the [petitioner]". Contrary to the petitioner's arguments, this determination is consistent with the governing statutes and regulations *(see,* 18 NYCRR 360-4.5 [a]; Social Services Law § 369 [3]; *see also,* 42 USC § 1396a [former (k)]; *cf.,* 18 NYCRR 360-4.5 [b]; 42 USC § 1396p [d]) and with the policy of restricting medicaid eligibility to those who are truly needy *(see, Forsyth v Rowe,* 226 Conn 818, 629 A2d 379; *Striegel v South Dakota Dept. of Social Servs.,* 515 NW2d 245 [SD]; *Kegel v State,* 113 NM 646, 830 P2d 563; *Romo v Kirschner,* 181 Ariz 239, 889 P2d 32). The authorities relied upon by the petitioner *(e.g., Matter of Escher,* 52 NY2d 1006, *affg* 75 AD2d 531, *affg* 94 Misc 2d 952; *Matter of Hoelzer v Blum,* 93 AD2d 605; *Matter of Surut,* 141 Misc 2d 1005) deal with testamentary trusts, and either predate, or fail to take account of the terms of 18 NYCRR 360-4.5 (a) as this rule has existed since 1989 *(see, Matter of Tutino v Perales,* 153 AD2d 181, 184, n 1, *supra).* The provisions of 18 NYCRR 360-4.5 (a), as this rule has existed, justify the respondents' determination that the trust at issue in this case constitutes a "non-exempt resource" irrespective of whether the court could properly order an invasion of principal without the consent of the remaindermen pursuant to EPTL 7-1.6 (a), and thus the holdings in *Matter of Escher (supra), Matter of Hoelzer v Blum (supra), Matter of Surut (supra),* and similar precedent do not require vacatur of the determination under review in this proceeding. Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.