■ In the Matter of SUNRISE MANOR CENTER FOR NURSING AND REHABILITATION, on Behalf of MILDRED GRONERT, Appellant, v ANTONIA C. NOVELLO, as Commissioner of the State of New York Department of Health, et al., Respondents. [796 NYS2d 142]—

Proceeding pursuant to CPLR article 78 to review a determination of Antonia C. Novello, Commissioner of the State of New York Department of Health, dated December 23, 2003, which, after an administrative fair hearing, denied Mildred Gronert's application for Medicaid benefits due to the fact that she possessed $32,344.80 in nonexempt resources.

Adjudged that the determination is confirmed and the

proceeding is dismissed on the merits, without costs or disbursements.

There is no dispute as to the facts of this case. The issues framed by the pleadings submitted to the Supreme Court involved questions of law only, and no "substantial evidence" question (CPLR 7803 [4]) was, in fact, presented. Thus, the transfer of the proceeding to this Court pursuant to CPLR 7804 (g) was improper. This Court may nevertheless entertain the proceeding and determine the issues raised on the merits (see Matter of Frey v O'Reagan, 216 AD2d 565, 566 [1995]; Matter of Tutino v Perales, 153 AD2d 181, 185 n 3 [1990]).

Contrary to the petitioner's contentions, the respondent Antonia C. Novello, as Commissioner of the State of New York Department of Health, correctly denied Mildred Gronert's application for Medicaid benefits (see 18 NYCRR 360-4.5 [b] [1] [ii]; Matter of Vitale v Woodhouse, 270 AD2d 951 [2000]; Matter of Frey v O'Reagan, supra). In addition to the reasons given after the fair hearing, we note that the principal of the Gronert Irrevocable Trust, absent a contrary provision in the trust instrument, was an available resource which could be used to provide for Mildred Gronert's needs (see EPTL 7-1.6 [b]; Matter of Tutino v Perales, supra at 186-187). S. Miller, J.P., Goldstein, Crane and Lifson, JJ., concur.