■ In the Matter of THOMAS J. WILLIAMS et al., as Executors of AUGUSTINE WILLIAMS, Deceased, Appellants, v MICHAEL

WEINER, as Commissioner of Erie County Department of Social Services, et al., Respondents. [839 NYS2d 654]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Christopher J. Burns, J.), entered January 24, 2005 in a proceeding pursuant to CPLR article 78. The judgment in effect dismissed the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Decedent commenced this proceeding seeking to annul the determination, following a fair hearing, that he was not eligible for Medicaid benefits for nursing facility services for a period of 8.02 months because he had transferred assets for less than fair market value. Decedent conceded that he had made an uncompensated transfer but contended that such transfer was for the sole benefit of his wife and thus was exempt from the transfer penalty (see Social Services Law § 366 [5] [d] [3] [ii] [A]). We conclude that Supreme Court in effect properly dismissed the petition.

The record establishes that, during the Medicaid eligibility look-back period, decedent settled an annuity by converting it to a "joint and survivor life income plan," which provided for monthly payments to decedent for life and then, upon his death, for monthly payments to his wife for the remainder of her life. The annuity contract guaranteed payment for 10 years. At the time decedent settled the annuity, he was 88 years old and his wife was 91 years old. The determination that the transfer of the uncompensated value of the annuity was not for the sole benefit of decedent's wife is supported by substantial evidence (see generally Matter of Jennings v New York State Off. of Mental Health, 90 NY2d 227, 239-240 [1997]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 230-231 [1974]). Pursuant to the terms of the annuity, decedent's wife is entitled to receive payments only in the event that she survives

decedent. Because of that contingency, decedent's wife derived no direct benefit from the annuity at the time the transfer was made. Thus, it cannot be said that decedent's wife was the sole beneficiary of the transferred assets (*see* Centers for Medicare and Medicaid Services, State Medicaid Manual § 3257 [B] [6]).

In addition, the record establishes that the transfer was not for the sole benefit of decedent's wife on the further ground that the annuity did not provide for payment of funds for her benefit on "a basis that is actuarially sound" based on her life expectancy (*id.*). According to the table used by the Erie County Department of Social Services (DSS), the life expectancy of decedent's wife was 4.4 years at the time decedent elected to receive the 10-year guaranteed payout on the annuity. Thus, the annuity payout exceeded the life expectancy of decedent's wife by 5.6 years. Further, the transfer cannot be deemed to be for the sole benefit of decedent's wife because, based on the life expectancies of both decedent and his wife, it was likely that a portion of the payments under the 10-year plan would go to one of their estates and thus would constitute a gift to the heirs of decedent and his wife (*see Matter of Addington v Dowling*, 213 AD2d 1080 [1995]).

Finally, we reject petitioners' contention that it was irrational for DSS to use a single rather than a joint life expectancy table to calculate the compensation received by decedent when he settled the annuity. Decedent purchased the annuity, he was the applicant for the Medicaid benefits, and the use of the single life expectancy table was in accordance with applicable statutes, regulations and guidelines (*see generally* Social Services Law § 366 [5] [d]; State Medicaid Manual § 3258.9 [B]; *Flacke v Onondaga Landfill Sys.*, 113 AD2d 440, 444 [1985], *affd* 69 NY2d 355 [1987]). Present—Gorski, J.P., Smith, Centra, Lunn and Fahey, JJ.