■ In the Matter of LOUISE BAKER, Petitioner, v KEVIN P. MAHON et al., Respondents. [899 NYS2d 207]—

Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Department of Health dated September 5, 2008, which, after a fair hearing, confirmed a determination of the Commissioner of the Westchester County Department of Social Services dated February 26, 2008, finding, in effect, that the period of 15.38 months during which the petitioner, Louise Baker, was ineligible for medical assistance began on November 1, 2007.

Adjudged that the petition insofar as asserted against the respondent Kevin P. Mahon, Commissioner, Westchester County Department of Social Services, is dismissed; and it is further,

Adjudged that the determination dated September 5, 2008, is confirmed, the petition insofar as asserted against the respondent Richard F. Daines, M.D., Commissioner, New York State Department of Health, is denied, and the proceeding insofar as asserted against that respondent is dismissed on the merits; and it is further,

Ordered that one bill of costs is awarded to the respondents.

On or about February 22, 2006, the petitioner, Louise Baker (hereinafter the petitioner), began residing at, and receiving nursing care from, Putnam Ridge Nursing Home in Brewster, as a "private pay" patient. On or about June 1, 2006, the petitioner sold her former residence, realizing net proceeds in the sum of $292,680. Sometime during the month of June 2006, Louise gifted the $292,680 to her son Henry Baker who, in turn, applied $153,122.05 of those proceeds to pay for Louise's expenses, including her nursing home expenses, and retained the remaining $139,557.95 for his own use.

On or about November 8, 2007, the petitioner applied to the Westchester County Department of Social Services (hereinafter the DSS) for medical assistance. Thereafter, the DSS determined, in effect, that Louise was not eligible for medical assistance for a period of 15.38 months, beginning on November 1, 2007, the requested "pick up" date for medical assistance. The petitioner then requested a fair hearing before the New York State Department of Health (hereinafter the DOH). The parties agreed, prior to the hearing, that the only issue presented for review by the DOH was whether the period of ineligibility for medical assistance was to run from July 1, 2006, as the petitioner claimed, or from November 1, 2007, as, in effect, determined by the DSS. After the fair hearing, the DOH confirmed the determination of the DSS. The petitioner then commenced this CPLR article 78 proceeding in the Supreme Court, which transferred it to this Court.

Initially, we note that the issue presented here involves a

question of law only, and does not involve a "substantial evidence" question (CPLR 7803 [4]). Thus, the Supreme Court erred in transferring the proceeding to this Court pursuant to CPLR 7804 (g). However, in the interest of judicial economy, this Court may retain jurisdiction and determine the issue raised on the merits (*see e.g. Matter of Sunrise Manor Ctr. for Nursing & Rehabilitation v Novello*, 19 AD3d 426, 427 [2005]). Moreover, since the DOH's fair hearing decision is final and binding upon the DSS, and the DSS must comply with it (*see* 18 NYCRR 358-6.1 [b]; *see generally Matter of Wittie v State of N.Y. Off. of Children & Family Servs.*, 55 AD3d 842, 843 [2008]), the proceeding must be dismissed insofar as asserted against Kevin Mahon, Commissioner of the DSS, since he is not a proper party to this proceeding.

Turning to the merits, an agency's determination "is deemed to be arbitrary if it is taken without [a] sound basis in reason and . . . without regard to the facts" (*Matter of Jennings v Commissioner, N.Y.S. Dept. of Social Servs.*, 71 AD3d 98, 109 [2010] [internal quotation marks omitted]). "The DOH's determination[ ] need only be supported by a rational basis if it is to be upheld" (*id.* [internal quotation marks omitted]). Since the DOH is "the agency responsible for the administration and interpretation of Medicaid laws in New York" (*id.* at 102), its interpretation of such laws is entitled to great weight.

Here, the DOH properly determined, under its interpretation of the relevant statutory and regulatory language set forth in Social Services Law § 366 (5) (e) (5) and DOH Administrative Directive 06 OMM/ADM-5, that the petitioner's period of ineligibility for medical assistance began on November 1, 2007. This was the date, as determined by the DOH, that the petitioner was "otherwise eligible" for medical assistance—but for the imposition of a penalty upon her for transferring part of the proceeds of the real estate transaction to her son during the applicable "look-back" period—based on her status as an inpatient at a nursing home, the assets she then had available to her, *and* the date of her application for medical assistance. The DOH concluded that in determining the medical assistance eligibility of an individual who is an inpatient in a nursing facility, the "look-back period" begins on the date immediately preceding the date that an individual is both an inpatient at a nursing facility *and* has applied for medical assistance (*see* Social Services Law § 366 [5] [e] [1] [vi]; [3]). Such an interpretation is consistent with the plain meaning of the relevant statutory and regulatory language, comports with purpose of providing needs-based aid pursuant to Medicaid (42 USC § 1396 *et seq.*; Social

Services Law § 363 *et seq.*), and prevents persons from avoiding the effects of an improper transfer made during the look-back period by improperly permitting the penalty imposed on such a transfer to expire before an application is made for medical assistance (*see Matter of Tomeck*, 8 NY3d 724, 727-728 [2007]; *Matter of Balzarini v Suffolk County Dept. of Social Servs.*, 55 AD3d 187, 189 [2008]; HR Rep 362, 109th Cong, 1st Sess, reprinted in 2006 US Code Cong & Admin News, at 3). Accordingly, the determination by the DOH in this case was not irrational, and not arbitrary and capricious. Skelos, J.P., Santucci, Lott and Sgroi, JJ., concur.