In the Matter of HELEN PETERSON, Petitioner, v RICHARD F. DAINES, M.D., Commissioner, New York State Department of Health, et al., Respondents. [909 NYS2d 611]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Onondaga County [Anthony J. Paris, J.], entered March 29, 2010) to review a determination of respondents. The determination found that petitioner is not entitled to Medicaid for nursing facility services.

It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination that she was not Medicaid-eligible for nursing facility services for a period of 13.643 months on the ground that she had made uncompensated transfers of assets during the "look-back" period (*see* 42 USC § 1396p [c] [1] [B]; Social Services Law § 366 [5] [a], [e] [1] [vi]).

The determination of respondent Onondaga County Department of Social Services (DSS) that petitioner was not eligible for those services because she transferred assets for less than fair market value was affirmed by respondent Richard F. Daines, M.D., Commissioner, New York State Department of Health (DOH). The DOH concluded, however, that the penalty period of 13.643 months was incorrect and directed DSS to recalculate and modify the penalty period based upon the proven value of the uncompensated transfers.

In March 2006, petitioner transferred ownership of her home on Hills Street in Chittenango to her daughter, retaining a life estate in the property. In June 2007, petitioner transferred $20,000 to her daughter for the purpose of repairs to the Hills Street home and the purchase of an automobile. Petitioner's daughter purchased a home on Manor Drive in East Syracuse and thereafter sold the Hills Street property for $53,000. Petitioner did not receive any compensation for the value of her life estate. On October 31, 2007, approximately one week prior to petitioner's permanent admission to the nursing home, she transferred $12,830 in cash to her daughter for "unknown reasons." In January 2008, petitioner applied for Medicaid, and DSS initially assessed a penalty period of 15.15 months, finding uncompensated transfers of assets totaling $101,461.19. In February 2008, a "corrective deed" was filed for the Manor Drive property, adding petitioner as a joint tenant with the right of survivorship.

Petitioner requested a fair hearing and, following a stipulated reduction in the amount of the penalty period to 13.643 months, the Administrative Law Judge (ALJ) upheld the determination of DSS that both transfers related to the Hills Street property, the $12,830 cash transfer, and certain monies expended for snowplowing services, constituted uncompensated transfers for purposes of determining her Medicaid eligibility. The ALJ concluded, however, that petitioner's residence was not sold for less than fair market value, and it directed DSS to recalculate the penalty period based on the value of the uncompensated transfers, using the Hills Street property sale price of $53,000.

We note at the outset that petitioner does not challenge the ALJ's determination that the funds used for snowplowing or the transfer of $12,830 in cash were uncompensated transfers, and we therefore deem abandoned any issues with respect thereto (see Ciesinski v Town of Aurora, 202 AD2d 984 [1994]).

When "reviewing a Medicaid eligibility determination made after a fair hearing, 'the court must review the record, as a whole, to determine if the agency's decisions are supported by

substantial evidence and are not affected by an error of law' "
(*Matter of Barbato v New York State Dept. of Health*, 65 AD3d
821, 822-823 [2009], *lv denied* 13 NY3d 712 [2009]). Substantial
evidence is "such relevant proof as a reasonable mind may ac-
cept as adequate to support a conclusion or ultimate fact" (*300
Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d
176, 180 [1978]; *see Matter of Lundy v City of Oswego*, 59 AD3d
954 [2009]). "The petitioner bears the burden of demonstrating
eligibility" (*Matter of Gabrynowicz v New York State Dept. of
Health*, 37 AD3d 464, 465 [2007]), and the agency's determina-
tion should be upheld when it is "premised upon a reasonable
interpretation of the relevant statutory provisions and is consis-
tent with the underlying policy of the Medicaid statute" (*Matter
of Golf v New York State Dept. of Social Servs.*, 91 NY2d 656,
658 [1998]).

We conclude that the determination of DSS that the Hills
Street property transfers were uncompensated was supported
by substantial evidence and was not affected by an error of law.
The record establishes that petitioner transferred ownership of
the Hills Street property to her daughter at a time when her
health was deteriorating. Although petitioner retained a life
estate in the property, she did not receive any compensation for
the value of that life estate when the property was sold. We fur-
ther conclude that the ALJ properly determined that the
uncompensated transfers were not cured by the subsequent ad-
dition of petitioner as a joint tenant on the Manor Drive prop-
erty. Pursuant to New York State Department of Social Services
Administrative Directive 96 ADM-8, "transferred assets shall be
considered to be returned if the person to whom they were
transferred[ ] uses them to pay for nursing facility services for
the [Medical Assistance] applicant/recipient[ ] or provides the
[Medical Assistance] applicant/recipient with an equivalent
amount of cash or other liquid assets." Contrary to the conten-
tion of petitioner, Administrative Directive 96 ADM-8 is based
on a rational interpretation of the Medicaid statute that is con-
sistent with the underlying policies of the Medicaid program.
Here, neither the Manor Drive property nor petitioner's inter-
est as a joint tenant in that property have been sold. Inasmuch
as the nursing facility in which petitioner resides has not been
paid and her daughter has not provided her with cash or other
liquid assets, it cannot be said that the transferred assets have
been returned. We further note that, pursuant to the terms of
the joint tenancy, petitioner will acquire the right to the entire
estate only if she survives her daughter. Given that contingency,
petitioner derived no direct benefit from the tenancy at the
time it was created (*see Matter of Williams v Weiner*, 42 AD3d

901, 902-903 [2007]). Present—Scudder, P.J., Centra, Peradotto, Sconiers and Pine, JJ.