# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**66**
**TP 15-01033**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

IN THE MATTER OF FRANCES FLANNERY, PETITIONER,

V                                                    MEMORANDUM AND ORDER

HOWARD Z. ZUCKER, M.D., J.D., ACTING
COMMISSIONER, NEW YORK STATE DEPARTMENT OF
HEALTH, NEW YORK STATE DEPARTMENT OF HEALTH,
EILEEN TIBERIO, COMMISSIONER, ONTARIO COUNTY
DEPARTMENT OF SOCIAL SERVICES, AND ONTARIO
COUNTY DEPARTMENT OF SOCIAL SERVICES,
RESPONDENTS.

---

LACY KATZEN LLP, ROCHESTER (RACHELLE H. NUHFER OF COUNSEL), FOR
PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF
COUNSEL), FOR RESPONDENTS.

---

Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Ontario County [William F.
Kocher, A.J.], entered May 28, 2015) to review a determination of
respondent New York State Department of Health.  The determination,
after a fair hearing, denied the application of petitioner for chronic
care medical assistance.

It is hereby ORDERED that the determination is unanimously
confirmed without costs and the petition is dismissed.

Memorandum:  Petitioner commenced this CPLR article 78 proceeding
seeking to challenge a determination, made after a fair hearing, that
she is ineligible for Medicaid coverage.  We confirm that
determination.  When reviewing a Medicaid eligibility determination
made after a fair hearing, we must determine whether the agency's
decision is "supported by substantial evidence and [is] not affected
by an error of law," bearing in mind that the petitioner "bears the
burden of demonstrating eligibility" (*Matter of Albino v Shah*, 111
AD3d 1352, 1354 [internal quotation marks omitted]).  We will uphold
the agency's determination when it is "premised upon a reasonable
interpretation of the relevant statutory provisions and is consistent
with the underlying policy of the Medicaid statute" (*Matter of Golf v
New York State Dept. of Social Servs.*, 91 NY2d 656, 658; *see Matter of
Peterson v Daines*, 77 AD3d 1391, 1392-1393).

Here, we conclude that the agency's determination, which is based on its conclusion that the principal of a trust of which petitioner is a beneficiary is an "available resource," is supported by substantial evidence and is not affected by an error of law. The trust at issue grants petitioner's children, as cotrustees, "the authority to distribute so much of the principal to [petitioner that they,] in their sole discretion, deem advisable to provide for [petitioner's] health, maintenance and welfare." Because the principal of the trust may, in the discretion of petitioner's children, be paid for petitioner's benefit, the agency did not err in concluding that the principal of the trust is an available resource for purposes of petitioner's Medicaid eligibility determination (*see* 18 NYCRR 360-4.5 [b] [1] [ii]; *Matter of Vitale v Woodhouse*, 270 AD2d 951, 951-952; *Matter of Frey v O'Reagan*, 216 AD2d 565, 566), despite the fact that her children refuse to exercise their discretion to make such payments of principal. Contrary to petitioner's further contention, although the trust was funded at the time of the grantor's death, it is not a testamentary trust for purposes of 18 NYCRR 360.45 (c) because it was not "created by will" (SCPA 103 [48]; *see* 42 USC 1396p [d]).

Finally, we conclude that petitioner failed to meet her burden of demonstrating that the trust is an exempt third-party trust pursuant to 18 NYCRR 360-4.5 (b) (3) (ii) or (b) (4) because the evidence at the fair hearing failed to establish that none of petitioner's assets were used to fund the trust.

Entered:  February 11, 2016                    Frances E. Cafarell
                                               Clerk of the Court