Matter of Pugliese v Zucker (2019 NY Slip Op 07159)





Matter of Pugliese v Zucker


2019 NY Slip Op 07159


Decided on October 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


784 TP 19-00440

[*1]IN THE MATTER OF ANTHONY PUGLIESE, AGENT UNDER POWER OF ATTORNEY FOR ANTONIO PUGLIESE, PETITIONER,
v
HOWARD ZUCKER, COMMISSIONER, NEW YORK STATE DEPARTMENT OF HEALTH, RESPONDENT. 






THE MARRONE LAW FIRM, P.C., SYRACUSE (CHRISTINE KHAMIS OF COUNSEL), FOR PETITIONER. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Onondaga County [Gregory R. Gilbert, J.], entered December 11, 2018) to review a determination of respondent. The determination denied petitioner's application for Chronic Care Medical Assistance benefits. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to challenge a determination, made after a fair hearing, that he is ineligible for Medicaid coverage. We confirm that determination. When reviewing a Medicaid eligibility determination made after a fair hearing, we must determine whether the agency's decision is "supported by substantial evidence and [is] not affected by an error of law," bearing in mind that the petitioner "bears the burden of demonstrating eligibility" (Matter of Albino v Shah, 111 AD3d 1352, 1354 [4th Dept 2013] [internal quotation marks omitted]). We will uphold the agency's determination when it is "premised upon a reasonable interpretation of the relevant statutory provisions and is consistent with the underlying policy of the Medicaid statute" (Matter of Golf v New York State Dept. of Social Servs., 91 NY2d 656, 658 [1998]; see Matter of Peterson v Daines, 77 AD3d 1391, 1392-1393 [4th Dept 2010]).
Here, we conclude that the agency's determination, which is based on its conclusion that the principal of a trust of which petitioner is a beneficiary is an available resource, is supported by substantial evidence and is not affected by an error of law. Petitioner's son, as a trustee, depleted a majority of the trust's value by using a home equity line of credit secured by a trust asset to, inter alia, pay for petitioner's living and caregiver expenses. Because the trust instrument gave the trustees broad discretion in the distribution of the trust principal, including for petitioner's benefit, the agency did not err in concluding that the principal is an available resource for purposes of petitioner's Medicaid eligibility determination (see 18 NYCRR 360-4.5 [b] [1] [ii]; see also Matter of Vitale v Woodhouse, 270 AD2d 951, 951-952 [4th Dept 2000]; Matter of Frey v O'Reagan, 216 AD2d 565, 566 [2d Dept 1995]), despite the fact that petitioner's son no longer wishes to exercise his discretion to make such distributions (see Matter of Flannery v Zucker, 136 AD3d 1385, 1385-1386 [4th Dept 2016]). Further, petitioner's contention that the home equity line of credit should have been excluded from the eligibility determination as a bona fide loan is irrelevant inasmuch as the line of credit had been exhausted and was not considered an asset at the time petitioner's application was made. Finally, based on the foregoing, we conclude that the determination is supported by a rational basis and is not [*2]arbitrary or capricious.
Entered: October 4, 2019
Mark W. Bennett
Clerk of the Court