Matter of Estate of Sabharwal v New York State Dept. of Health (2019 NY Slip Op 09190)





Matter of Estate of Sabharwal v New York State Dept. of Health


2019 NY Slip Op 09190


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, AND TROUTMAN, JJ.


1191 TP 19-01327

[*1]IN THE MATTER OF ESTATE OF VIMAL SABHARWAL, JENNIFER FLANNERY, ERIE COUNTY ADMINISTRATOR, AS ADMINISTRATOR, PETITIONER,
v
NEW YORK STATE DEPARTMENT OF HEALTH, AND AL DIRSCHBERGER, COMMISSIONER, ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES, RESPONDENTS. 






BROWN CHIARI LLP, BUFFALO (JEFFREY M. SHALKE OF COUNSEL), FOR PETITIONER.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (JONATHAN D. HITSOUS OF COUNSEL), FOR RESPONDENT NEW YORK STATE DEPARTMENT OF HEALTH.
BONNIE A. MCLAUGHLIN, BUFFALO, FOR RESPONDENT AL DIRSCHBERGER, COMMISSIONER, ERIE COUNTY DEPARTMENT OF SOCIAL SERVICES. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Diane Y. Devlin, J.], entered October 15, 2018) to review a determination of respondent New York State Department of Health. The determination affirmed in part a determination of the Erie County Department of Social Services that Vimal Sabharwal was not eligible for Medicaid for a certain period. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul that part of a determination made after a fair hearing that decedent was ineligible for Medicaid for a period of 22.327 months on the ground that she had made uncompensated transfers of assets during the look-back period (see 42 USC § 1396p [c] [1] [B]; Social Services Law § 366 [5] [a], [e] [1] [vi]). Petitioner failed to preserve for our review her contention that the transferred real property was an exempt homestead because the issue was not raised at the fair hearing (see Matter of Sarcinelli v New York State Dept. of Motor Vehs., 166 AD3d 1594, 1595 [4th Dept 2018]; Matter of Schaffer v Zucker, 165 AD3d 1266, 1267 [2d Dept 2018]). Furthermore, contrary to petitioner's contention, we conclude that substantial evidence supports the determination that decedent failed to make a "satisfactory showing" that "the assets were transferred exclusively for a purpose other than to qualify for medical assistance" (§ 366 [5] [e] [4] [iii] [B]; see generally Matter of Peterson v Daines, 77 AD3d 1391, 1392-1393 [4th Dept 2010]).
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court