Matter of Lapierre v New York State Dept. of Health (2025 NY Slip Op 00540)

Matter of Lapierre v New York State Dept. of Health

2025 NY Slip Op 00540

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, GREENWOOD, AND HANNAH, JJ.

613 TP 24-00334

[*1]IN THE MATTER OF LUCIANNE LAPIERRE, AGENT UNDER POWER OF ATTORNEY FOR LORETTA LANZIONE, PETITIONER,
v
NEW YORK STATE DEPARTMENT OF HEALTH AND NEW YORK STATE OFFICE OF TEMPORARY AND DISABILITY ASSISTANCE, RESPONDENTS. 

BOND, SCHOENECK & KING, PLLC, SYRACUSE (TIMOTHY N. MCMAHON OF COUNSEL), FOR PETITIONER. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (KATE H. NEPVEU OF COUNSEL), FOR RESPONDENTS.

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Jefferson County [William F. Ramseier, J.], entered February 16, 2024) to review a determination of respondent New York State Department of Health. The determination, among other things, determined that petitioner's application for Medical Assistance for nursing facility services with limited coverage was effective December 1, 2018 and that petitioner had transferred property on September 27, 2017 for uncompensated value. 
It is hereby ORDERED that the determination so appealed from is unanimously modified on the law and the petition is granted in part by annulling the determination insofar as it found that Loretta Lanzione was ineligible for nursing facility services for a penalty period of 8.23 months and that uncompensated transfers were made for amounts related to the transfer of the parcels of land with Tax ID 20.11-1-52, 31.06-1-11, and 20.11-1-52.203, and as modified the determination is confirmed without costs, and the matter is remitted to respondent New York State Department of Health to recalculate the penalty period.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination of respondent New York State Department of Health (DOH), which upheld after a fair hearing the finding of the Jefferson County Department of Social Services (DSS) that Loretta Lanzione (mother) made uncompensated transfers during the look-back period (see Social Services Law § 366 [5] [a], [e] [1] [vi]), but modified the finding as to the amount of uncompensated transfers and the resulting penalty period during which the mother was ineligible for Medicaid nursing facility services.
On September 27, 2017, the mother transferred by quitclaim deed to her son any interest she had in four parcels of land owned by the son on which he operated a motel and mobile home park (Tax ID 20.11-1-52, 20.11-1-52.201, 20.11-1-52.202, 20.11-1-52.203), thereby extinguishing her life estate with respect to a one-half interest in those parcels (life estate). The mother also executed a warranty deed transferring certain property owned by her (Tax ID 20.11-1-64 [separate property]) to Lanzione Properties, LLC, of which her son is a member. On December 21, 2018, the mother, who was 85 years old, was unexpectedly hospitalized. Approximately one week later, petitioner applied to DSS for Medicaid on the mother's behalf, including Supplemental A for individuals seeking coverage for nursing home care.
About two weeks after submitting the application, the mother was transferred to a nursing [*2]home, where she has resided ever since.
Initially, as petitioner contends, and respondents correctly concede, the DOH erred in including the value of a parcel of land with Tax ID 31.06-1-11 in its penalty period calculation inasmuch as that parcel was never owned by the mother. We therefore modify the determination accordingly. With respect to the remaining relevant parcels, i.e., two of the four parcels on which the motel and mobile home park were located (Tax ID 20.11-1-52, 20.11-1-52.203 [motel properties]) and the separate property, we agree with petitioner that the determination insofar as it concluded that the mother's transfer of the life estate with respect to the motel properties was an uncompensated transfer is affected by an error of law. We therefore further modify the determination accordingly.
"When reviewing a Medicaid eligibility determination made after a fair hearing, th[is] [C]ourt must review the record, as a whole, to determine if the agency's decisions are supported by substantial evidence and are not affected by an error of law" (Matter of Albino v Shah, 111 AD3d 1352, 1354 [4th Dept 2013] [internal quotation marks omitted]; see Matter of Mallery v Shah, 93 AD3d 936, 937 [3d Dept 2012]). The petitioner bears the burden of demonstrating eligibility (see Matter of Flannery v Zucker, 136 AD3d 1385, 1385 [4th Dept 2016]). "[T]he agency's determination should be upheld when it is 'premised upon a reasonable interpretation of the relevant statutory provisions and is consistent with the underlying policy of the Medicaid statute' " (Matter of Peterson v Daines, 77 AD3d 1391, 1392 [4th Dept 2010]).
With respect to the motel properties, we agree with petitioner that the DOH made an error of law in relying exclusively on Social Services Law § 366 (5) (e) (3) (ii) in concluding that the transfer of the mother's life estate interest constituted an uncompensated transfer inasmuch as that provision is inapplicable. Social Services Law § 366 (5) (e) (3) (ii) applies when there is an attempt to dissipate funds through the purchase of a life estate. Here, however, the mother never purchased a life estate but instead transferred any interest she had in the motel properties, thereby terminating her life estate. Thus, the mother did not try to dissipate funds with the purchase of a life estate (see id.; cf. Albino, 111 AD3d at 1354-1355). The DOH's conclusion that the mother transferred her life estate for less than fair market value was made applying the wrong statute and that part of the determination is therefore affected by an error of law (see generally Matter of Waterfront Ctr. for Rehabilitation & Healthcare v New York State Dept. of Health, 162 AD3d 1717, 1718 [4th Dept 2018]; Matter of Niagara v Daines, 96 AD3d 1433, 1435 [4th Dept 2012]).
Even assuming, arguendo, that the DOH did not rely exclusively on Social Services Law § 366 (5) (e) (3) (ii) in concluding that the transfer of the mother's life estate constituted an uncompensated transfer, we agree with petitioner that any separate determination that the life estate in the motel properties was transferred for less than fair market value is not supported by substantial evidence. "Substantial evidence is such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (Albino, 111 AD3d at 1354 [internal quotation marks omitted]). At the hearing, petitioner presented testimony and a real property transfer agreement executed by, among others, the mother demonstrating that the son paid the mother $10,000 per year from 1991 to 2016, for a total of $250,000 (payments), in exchange for the mother's agreement to not interfere with the operation of the motel properties, i.e., to not exercise her rights under the life estate. The single piece of evidence relied upon by the DOH to determine that the transfer of the mother's life estate was for less than fair market value was her 2017 federal income tax return, wherein the mother claimed rental income in the amount of $12,000. Based on that tax return, DSS argued, and the DOH agreed, that the payments to the mother over 25 years were rent payments and did not constitute fair consideration for the mother extinguishing her life estate. The determination to that extent is based upon conjecture and surmise and is not supported by substantial evidence (see Matter of Underwood v Zucker, 191 AD3d 1438, 1441 [4th Dept 2021]). Indeed, petitioner's attorney explained during the hearing that the only reason the mother claimed rental income on her tax return was because there was no other way to account for the payments on the tax return.
Additionally, the evidence established that since his father's death in 1986, the son owned, and the mother had a life estate interest in, a one-half interest of the four parcels on which the motel and mobile homes were located and that such interests were recorded by executrix deed dated May 21, 2007. In 2003, the son bought from his aunt the other half interest in those four parcels for $230,000. Inasmuch as the son purchased a half interest in the four [*3]parcels for $230,000, that evidence further undercuts any conclusion that the transfer of the mother's life estate for $250,000 was for less than fair market value.
We reject petitioner's contention, however, that the mother was paid fair market value for the separate property. The transfer of the separate property occurred in September 2017, and there is no evidence that the payments from 1991 to 2016 were for the transfer of that property.
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court