■ In the Matter of JOHN MAIO, Appellant, v NEW YORK CITY CIVIL SERVICE COMMISSION et al., Respondents.—Judgment, Supreme Court, New York County (Edith Miller, J.), entered July 20, 1990, which, *inter alia*, granted respondents' cross-motion to dismiss as time barred a petition to vacate an order which denied petitioner's application to reopen his administrative proceeding on the issue of back pay and seniority benefits, unanimously affirmed, without costs.

Petitioner, who had been terminated as a probationary transit police officer for, *inter alia*, a "horrendous driving record", was later reinstated, and subsequently applied to the Civil Service Commission for back pay and seniority benefits for the termination period. On March 8, 1989, the Commission ruled that it had the power to award such benefits, but declined to do so because, *inter alia*, no damages had been shown. On August 1, 1989, petitioner requested reconsideration. On November 24, 1989, that request was denied.

Petitioner's request for a reconsideration by the Commission did not serve to toll or revive the four-month statute of limitations, and thus the IAS court properly dismissed the petition as time barred. *(See, Matter of 252 W. 30th St. Realty Corp. v Biderman,* 165 AD2d 759.) The Commission's ruling that petitioner's case would not be reopened was final and binding, and was *not* a determination that was held in abeyance pending a final determination of other litigation *(see, Mundy v Nassau County Civ. Serv. Commn.,* 44 NY2d 352, 358). Concur—Murphy, P. J., Rosenberger, Ellerin, Ross and Rubin, JJ.

■ JOAN W. CARSON, Appellant, v JOHN W. CARSON, Also Known as JOHNNY CARSON, Respondent.—Order, Supreme Court, New York County (Phyllis Gangel-Jacob, J.), entered on or about January 10, 1991, unanimously affirmed for the reasons stated by Phyllis Gangel-Jacob, J., without costs. No opinion. Concur—Murphy, P. J., Rosenberger, Ellerin, Ross and Rubin, JJ.