■ RICHARD A. KING, Appellant, v BOARD OF EDUCATION OF HYDE PARK CENTRAL SCHOOL DISTRICT et al., Respondents. [613 NYS2d 41] —In an action, *inter alia,* to recover damages for breach of an employment contract, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Hillery, J.), entered August 18, 1992, which granted the defendants' motion to dismiss the complaint as time-barred.

Ordered that the order is affirmed, with costs.

In his complaint, the plaintiff alleged, and the evidence established, that his cause of action for recovery of compensation in lieu of unused sick leave, accrued on August 31, 1991 when the defendant school district notified him that he would not be compensated therefor. Notwithstanding the plaintiff's subsequent requests for reconsideration *(see, Matter of Maio v New York City Civ. Serv. Commn.,* 176 AD2d 526), and his subsequent attempts to repudiate his own allegation as to when his cause of action accrued, his action was governed by a four-month Statute of Limitations measured from the notification he received on August 31, 1991 *(see, Matter of Lubin v Board of Educ.,* 60 NY2d 974). Since he did not commence this proceeding until February 11, 1992, more than four months after the conceded accrual date, the Supreme Court properly granted the motion to dismiss it as time-barred. We further note that the plaintiff's failure to establish the date upon which his union reportedly denied his request to bring a grievance on his behalf, precludes the application of CPLR 217

(2) (b) to determine when his cause of action thereunder might have accrued.

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, Lawrence and Florio, JJ., concur.