■ In the Matter of Shirley Saunders, Appellant, v John B. Rhea et al., Respondents. [939 NYS2d 374]—

The article 78 petition was untimely under CPLR 217 (1), which provides a four-month limitation period for review of administrative determinations. Petitioner's later correspondence with NYCHA, which was denominated a motion to vacate the settlement stipulation into which petitioner had entered with NYCHA, did not extend or toll her time to initiate an article 78 proceeding (*see Matter of M & D Contrs. v New York City Dept. of Health*, 233 AD2d 230, 231 [1996].

The dissent's reliance on *Matter of Yarbough v Franco* (95 NY2d 342 [2000]) is misplaced. *Yarbough* dealt with a motion to vacate a default judgment—one which was not even served on movant for several months after it was entered. Her commencement of an article 78 proceeding to challenge the denial of her motion to vacate was clearly timely. That is completely the opposite of our matter where petitioner was presumably aware of the stipulation when it was signed, thereby commencing the four month limitation period. Unlike in *Yarbough*, there is no procedure to appeal the refusal to vacate a stipulation, hence no basis to toll or extend the statute of limitations.

Furthermore, since the proceeding is time-barred, petitioner's argument that her right to due process was violated cannot be addressed (*see Matter of M & D Contrs.* at 231). Concur—Saxe, J.P., Sweeny and Moskowitz, JJ. Manzanet-Daniels, J., dissents in a memorandum as follows:

Manzanet-Daniels, J. (dissenting). Petitioner Shirley Saunders, 76 years old and legally blind, had been the tenant of record for approximately 37 years at 395 Fountain Avenue, apartment 7A in NYCHA's Cypress Hills Houses in Brooklyn. Petitioner's son, John Saunders, lived with her in the apartment, with NYCHA's knowledge.

By letter dated June 29, 2009, NYCHA notified petitioner of a tenancy termination hearing; the hearing was to be based on charges that petitioner was violating her lease by allowing Lloyd Saunders, another of her sons, to live with her without NYCHA's permission.

Petitioner appeared without an attorney at NYCHA's hearing office on August 25, 2009; on that day, the hearing was adjourned to October 22, 2009. On October 22, 2009, petitioner returned to NYCHA's offices and met with a NYCHA attorney.

According to petitioner, she explained to the NYCHA attorney that her son Lloyd had not lived with her in 30 years, but could not then offer proof of an alternate address for him.

On October 22, 2009, petitioner signed a stipulation of settlement that the NYCHA attorney had prepared. The stipulation provided that petitioner admitted to the charges—that is, that Lloyd Saunders lived with petitioner in violation of NYCHA rules—and required that petitioner vacate her apartment by March 31, 2010. The stipulation by its terms was not final, and explicitly provided that it was subject to the approval of NYCHA. On November 10, 2009, NYCHA approved the stipulation of settlement, including the termination of tenancy, and on November 18, 2009, mailed notice to petitioner.

On April 9, 2010, petitioner's counsel submitted to NYCHA a motion to vacate the stipulation of settlement and set the matter down for a hearing on the factual issue of whether, in fact, Lloyd Saunders lived with petitioner. In support of the request, petitioner submitted an affidavit stating that she had been confused, intimidated, and frightened when she went the NYCHA's offices on October 22, 2009, and was not thinking clearly because of her medication. Moreover, petitioner stated that she had not understood, in signing the stipulation, that she was agreeing that Lloyd lived with her and that she would vacate the apartment. Had she so understood, petitioner stated, she would not have signed the stipulation.

In further support of the request, petitioner attached an affidavit from her son Lloyd Saunders. In his affidavit, Saunders stated that he did not, in fact, live with petitioner, and had not lived with her since the late 1970s.

While the motion was pending, petitioner commenced an article 78 proceeding by petition dated August 17, 2010. In the petition, petitioner sought vacatur of the stipulation, or, in the alternative, an order compelling NYCHA to make a determination on petitioner's request to vacate the stipulation. Petitioner asserted that the four-month statute of limitations had not yet run since she had yet to receive notice that NYCHA had denied the request to vacate the stipulation of settlement.

The court denied the petition and dismissed the proceeding. The court found that the statute of limitations had expired on March 23, 2010, four months and five days after NYCHA had mailed notice that it had approved the stipulation of settlement. The court accordingly did not address the merits of petitioner's claims.

I would reverse, and find that the petition is not barred by the four-month statute of limitations applicable to article 78

proceedings. Petitioner cannot be said to have been "aggrieved" by the adverse determination of an agency until such time as the agency has acted upon her motion to vacate the stipulation of settlement. Before such time, there was no unambiguously final determination which would commence the running of the statute of limitations.

In *Matter of Yarbough v Franco* (95 NY2d 342 [2000]), the Court held that a tenant's application to vacate a default judgment extended the four-month limitations period. I would similarly find, in this case, that the tenant's motion to vacate the stipulation extended the statute of limitations. Although there is a factual record in this case, it is an incomplete one, and the matter cannot be deemed "final and binding" in the absence of a determination as to the validity of the parties' stipulation. Petitioner was not "aggrieved" until such time as her motion to vacate the stipulation had been decided. The motion to vacate the stipulation cannot be likened to a motion for reconsideration (which would not toll the limitations period), but rather, presented a "fresh situation" that warranted an extension of the limitations period (*Yarbough*, 95 NY2d at 348 [internal quotation marks omitted]). The motion to vacate the settlement was akin, if anything, to a motion to renew. Indeed, petitioner could not appeal the stipulation of settlement, but was limited to moving to set aside the stipulation in the tribunal where it was entered into (*see Cooper v Number 535 Park Ave.*, 73 AD3d 433, 434 [2010]). Until such time as the motion is decided, there is no final determination for purposes of judicial review.* The Court of Appeals has cautioned that if an agency has created ambiguity or uncertainty as to whether a final and binding decision has been issued, "[petitioners] and their counsel should not have to risk dismissal for prematurity or untimeliness by necessarily guessing" and "the courts should resolve any ambiguity created by the public body against it in order to reach a determination on the merits and not deny a party his day in court" (*Mundy v Nassau County Civ. Serv. Commn.*, 44 NY2d 352, 358 [1978] [internal quotation marks omitted] [statute of limitations ran not from date of initial, withdrawn certification of eligibility lists, but from date of recertification; noting that withdrawn lists could have no impact on the petitioners' rights until those results were recertified]). I would accordingly reverse, and allow the petition to be heard on the merits. [**Prior Case History: 2011 NY Slip Op 30711(U).**]

---

* Petitioner also notes that the stipulation lacks the typical language stating that the agreement has the "same force and effect" as though issued by a hearing officer.