Matter of Lewis v New York City Hous. Auth. (2020 NY Slip Op 06228)





Matter of Lewis v New York City Hous. Auth.


2020 NY Slip Op 06228


Decided on October 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 29, 2020

Before: Manzanet-Daniels, J.P., Mazzarelli, Moulton, Kennedy, JJ. 


Index No. 160578/18 Appeal No. 12253 Case No. 2019-4762 

[*1]In re Raymond Lewis, Petitioner-Appellant,
v
New York City Housing Authority, Defendant-Respondent.


Community Service Society of New York, New York (Judith M. Whiting of counsel), for appellant.
Lisa Bova-Hiatt, New York City Housing Authority Law Department, New York (Seth E. Kramer of counsel), for respondent.



Judgment, Supreme Court, New York County (Lynn R. Kotler, J.), entered April 29, 2019, denying the petition to annul the determination of respondent, dated November 7, 2014, which denied his remaining-family-member status, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
This article 78 proceeding is time-barred, since it was commenced nearly 3 ½ years after respondent rendered its decision denying petitioner remaining-family-member status based on a criminal conviction for robbery (see CPLR 217[1]; Matter of Best Payphones, Inc. v Department of Info. Tech. & Telcom. Of City of N.Y., 5 NY3d 30, 34 [2005]). Petitioner's attempt to frame his request for a new hearing as a motion to vacate fails because his guardian ad litem was in attendance and the hearing decision was not rendered on his default (cf. Matter of Yarborough v Franco, 95 NY2d 342 [2000]). Even if this request were to be deemed a motion to vacate, it was made nearly 3 1/2 years after the alleged default was entered, and, in any event, petitioner failed to raise this argument below (see Gregory v Town of Cambria, 69 NY2d 655, 657 [1985]).
Since the proceeding is time-barred, petitioner's argument that his right to due process was violated cannot be addressed, and, in turn, any alleged due process violations cannot toll the statute of limitations (see Matter of Saunders v Rhea, 92 AD3d 602, 603 [1st Dept 2012]; see also Matter of Banos v Rhea, 25 NY3d 266, 279 [2015]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 29, 2020