■ In the Matter of KOUKLA, INC., Appellant, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Judgment, Supreme Court, New York County, entered on January 8, 1971, dismissing the petition pursuant to CPLR 217 and 7804 (subd. [f]), unanimously reversed, on the law, without costs and without disbursements, and vacated, the petition for review reinstated, the determination of the New York State Liquor Authority annulled, and the matter remanded for

further proceedings not inconsistent with this memorandum decision. Petitioner's application for a liquor license was denied because of its principal's previous brushes with the law and because the premises would have been within 200 feet of the West 31st Street entrance of St. John's Roman Catholic Church. No article 78 proceeding was instituted for review. Thereafter, a license was granted to another entity alleged to be no further away from the church, and thereupon petitioner filed a second application more than four months after the first denial. This was disapproved with the same reasons given, and an article 78 proceeding was then instituted and dismissed at Special Term on the basis of the four-month limitation (CPLR 217), dating back to the original application, stating that the device of a new application based on the same facts could not be used to avoid the original determination. However, the basis of the new application was a seemingly discriminatory conclusion with respect to another applicant with a distance question, and this created a fresh situation. (*Matter of Camperlengo* v. *State Liq. Auth.*, 16 A D 2d 342.) With respect to the distance question, it seems to have been covered in *Matter of Cup & Saucer Cottage Rest.* v. *New York State Liq. Auth.* (19 A D 2d 597, affd. without opn. 13 N Y 2d 1050). However, the petitioner's background still bears scrutiny, and it may be that a dim view should be taken thereof, and, accordingly, this matter is remanded to the New York State Liquor Authority for further proceedings on the merits not inconsistent with this memorandum decision. Concur — McGivern, J. P., Markewich, Kupferman, Murphy and McNally, JJ.