■ NORENE K. MARROCCO, Respondent, v MICHAEL MARROCCO, Appellant. — Order unanimously reversed, without costs, and matter remitted to Supreme Court, Monroe County, for further proceedings, in accordance with the following memorandum: Defendant was served with an order directing him to appear at Matrimonial Special Term on January 29, 1981 to show cause why

he should not be punished for contempt for failure to pay support in accordance with a judgment of divorce and why judgment should not be entered against him for arrearages in child support payments in the amount of $17,600. On the day prior to the return date, he consulted an attorney. He appeared with counsel and presented an affidavit and cross motion to the court. The court ruled defendant to be in default since he had not filed answering papers on the Friday preceding the return date pursuant to prevailing practice in Monroe County Matrimonial Special Term. Rather than making a motion to open the default, defendant appeals. While no appeal lies from an order entered upon default, the proper remedy being an application to the rendering court to open the default (CPLR 5511, 5015; *Morse v Morse,* 67 AD2d 750; *Furci v Furci,* 45 AD2d 1003), we do not view this determination to have been made upon defendant's default. In addition to an appearance with his attorney, defendant submitted a responding affidavit and cross motion. Granting judgment in the amount of $17,600 without affording defendant an opportunity for an adjournment or to be heard on the motion is an improvident exercise of Special Term's discretion (*Matter of Black v Black,* 84 AD2d 922). (Appeal from order of Supreme Court, Monroe County, Wagner, J. — arrearages, child support, etc.) Present — Simons, J. P., Callahan, Doerr, Boomer and Moule, JJ.