■ INTERBORO MANAGEMENT Co., Petitioner, v STATE DIVISION OF HUMAN RIGHTS et al., Respondents.—Proceeding pursuant to Executive Law § 298 to review an order of the

Commissioner of the New York State Division of Human Rights (hereinafter SDHR) dated May 21, 1986, which, after a hearing, found that the petitioner had unlawfully discriminated against the complainant on the basis of his race and marital status, and directed the petitioner to offer to rent the next available comparable apartment to the complainant, and awarded compensatory damages to the complainant in the amount of $2,080 for out-of-pocket expenses, and $5,000 for mental anguish and humiliation.

Adjudged that the petition is granted, as a matter of discretion, without costs or disbursements, to the extent that the SDHR's order is modified by deleting therefrom subdivisions 1 and 2 of the second decretal paragraph thereof, the matter is remitted to the SDHR for imposition of a new award of compensatory damages, to be made after a hearing conducted by the New York City Commission on Human Rights or an outside Hearing Officer, and the proceeding is otherwise dismissed.

Executive Law § 297 (4) (b) provides that: "[i]f the respondent fails to answer the complaint, the hearing examiner designated to conduct the hearing may enter the default and the hearing shall proceed on the evidence in support of the complaint. Such default may be set aside only for good cause shown upon equitable terms and conditions."

In this case, the petitioner failed to either answer the complaint or to appear at the hearing. It is a well-settled proposition of law in this State that default judgments are not appealable (see, CPLR 5511, 5015; *Jensen v Union Ry. Co.,* 260 NY 1; *Hull v Feinberg,* 113 AD2d 964; *Marrocco v Marrocco,* 90 AD2d 989), and the proper remedy is an application to the rendering court to open the default (see, *Marrocco v Marrocco, supra).* This is so because a party is not aggrieved by a judgment entered upon his default. By analogy, a petitioner is not aggrieved by an administrative determination made on his default and may not seek to review such a determination. Thus, we must treat the instant proceeding as one to review the denial by the SDHR of the petitioner's application to reopen the hearing.

It is well established that in order to succeed on an application to open a default, the movant must first demonstrate a reasonable excuse for the default, and second, must establish the existence of a meritorious defense to the claims asserted against him (see, *Gray v B. R. Trucking Co.,* 59 NY2d 649, *rearg dismissed* 59 NY2d 966; *Matter of American Sec. Ins. Co. v Austin,* 110 AD2d 697; *Klenk v Kent,* 103 AD2d 1002). In

this case, the only excuse offered for the petitioner's default was that it "found it unimaginable that the complaint would be sustained because there was no discrimination in refusing to rent to [the complainant] an apartment in a building which was and is predominantly tenanted by persons of the same race as [the complainant]". Thus, inasmuch as the petitioner admits that its default was deliberate, the default can in no way be considered excusable. Moreover, with respect to the requirement that the movant show a meritorious defense, in this case the petitioner submitted only bare allegations, unsupported by any factual evidence, and failed to serve a proposed answer to the underlying complaint with its application to reopen the hearing (see, Bridger v Donaldson, 34 AD2d 628).

We consider it appropriate to review the issue of damages, and conclude that the award of $7,080 in compensatory damages is excessive. Accordingly, we order a reassessment of damages at a hearing at which the petitioner may defend on that issue only (see, Cervino v Konsker, 91 AD2d 249; Midnight Ears v Clear-Vu Packaging, 81 AD2d 907; Monette v Bonsall, 29 AD2d 839). However, we do not believe that the petitioner should be rewarded for its deliberate default by retaining the use of the ultimate award moneys from the date of the order by the SDHR rendered upon the petitioner's default until the SDHR issues a new order after the hearing on the damages. Accordingly, we direct that the final award of compensatory damages bear interest from the date of the order entered by the SDHR upon the default of the petitioner (see, Monette v Bonsall, supra).

Finally, we direct that on remittitur SDHR retain a neutral Hearing Officer for the purpose of reassessing the damages herein. The potential conflict of interest stemming from the complainant's status as an employee of the SDHR dictates that the matter be referred to the New York City Commission on Human Rights, which has concurrent jurisdiction, or an outside Hearing Officer to preside over the proceeding. Thompson, J. P., Brown, Eiber and Sullivan, JJ., concur.