OPINION OF THE COURT
 

 Ciparick, J.
 

 At issue on this appeal is whether the four-month Statute of Limitations for challenging the denial of a tenant’s request to vacate a New York City Housing Authority default determination accrues upon entry of the default or upon denial of the tenant’s request to vacate it. We conclude that the limitations period begins to run from receipt of the denial of the request to vacate the default.
 

 Petitioner Lola Yarbough is a tenant in a low-income housing project owned by respondent New York City Housing Authority. In May 1996, the Authority sought to terminate petitioner’s tenancy, charging her with violating its rules by allowing unauthorized family members to reside with her. After several adjournments, a hearing was scheduled for November 29, 1996. When petitioner failed to appear on that date, the Hearing Officer entered a default determination and sustained the charges. Although the default was entered on December 3, 1996, the Authority did not serve notice of it until on or about April 1, 1997.
 

 Petitioner received the notice on April 7, 1997 and the next day filed a request to vacate the default pursuant to paragraph
 
 *346
 
 8 of the Authority’s Termination of Tenancy Procedures,
 
 *
 
 maintaining that she never received notice of the November 29, 1996 adjournment. Months later, by decision dated June 24, 1997 and sent to petitioner by mail, the Authority denied her request as untimely.
 

 On October 31, 1997, petitioner commenced this CPLR article 78 proceeding seeking review of both the December 3, 1996 default determination and the June 24, 1997 denial of her application to vacate the default. In dismissing her petition as time-barred, Supreme Court concluded that petitioner was required to commence the proceeding within four months after the default determination terminating her tenancy, and that petitioner’s application to vacate the default did not extend the limitations period. The Appellate Division modified by annulling the Authority’s June 24, 1997 denial of petitioner’s application to vacate the default and remitting for a hearing on the merits of that application. The Court held, however, that petitioner was not entitled to article 78 review of the December 3, 1996 determination as it was entered upon her default. It further concluded that petitioner’s application to vacate the default was made within a reasonable time, and that the four-month limitations period for article 78 review ran from petitioner’s receipt of the denial of her request to vacate the default. This Court granted the Authority leave to appeal. We now affirm.
 

 An article 78 proceeding must be commenced within four months after the administrative determination to be reviewed becomes “final and binding upon the petitioner” (CPLR 217 [1];
 
 New York State Assn. of Counties v Axelrod,
 
 78 NY2d 158, 165). An administrative determination becomes “final and binding” when the petitioner seeking review has been aggrieved by it
 
 (Matter of Carter v State of New York, Executive Dept., Div. of Parole,
 
 95 NY2d 267;
 
 Matter of Edmead v McGuire,
 
 67 NY2d 714, 716;
 
 Matter of Lubin v Board of Educ.,
 
 60 NY2d 974, 976,
 
 rearg denied
 
 61 NY2d 905,
 
 cert denied
 
 469 US 823). However, the fact that a determination is final for the purpose of its present execution does not mean it is final for judicial review purposes
 
 (cf., Matter of New York Cent. R. R. Co. v Public Serv.
 
 
 *347
 

 Commn.,
 
 238 NY 132, 135-136). An administrative determination is not final for judicial review purposes if it rests upon an empty record. This is such a case.
 

 Although petitioner’s default here effectively terminated her tenancy, any challenge to that default is unreviewable absent an application to the Authority to vacate it. A request to vacate a default affords the defaulting party an opportunity to develop a factual record setting forth the reasons for the nonappearance and any meritorious defenses that would justify reopening the default
 
 (see, Gray v B. R. Trucking Co.,
 
 59 NY2d 649, 650,
 
 rearg dismissed
 
 59 NY2d 966). To authorize a petitioner to raise these issues for the first time in an article 78 proceeding, as the Authority urges, would deprive the administrative agency of the opportunity “to prepare a record reflective of its ‘expertise and judgment’ ”
 
 (Watergate II Apts. v Buffalo Sewer Auth.,
 
 46 NY2d 52, 57 [quoting
 
 Matter of Fisher (Levine),
 
 36 NY2d 146, 150];
 
 see also, Young Men’s Christian Assn. v Rochester Pure Waters Dist.,
 
 37 NY2d 371, 375).
 

 Moreover, it would render judicial review meaningless. Judicial review of administrative determinations is confined to the “facts and record adduced before the agency”
 
 (Matter of Fanelli v New York City Conciliation & Appeals Bd.,
 
 90 AD2d 756, 757,
 
 affd for reasons below
 
 58 NY2d 952). Without an application to vacate, and the Authority’s subsequent review, a court would have no record upon which to weigh the defaulting party’s excuse and potential defense
 
 (see, Matter of Geraldine Rose W.,
 
 196 AD2d 313, 317 [Rosenblatt, J.]). Because no meaningful judicial review lies from the default itself, we hold that the Authority’s denial of petitioner’s application to vacate the default constitutes the final, binding determination from which the four-month Statute of Limitations is measured
 
 (see, Interboro Mgt. Co. v State Div. of Human Rights,
 
 139 AD2d 697, 698;
 
 cf.,
 
 CPLR 5511, 5015).
 

 We reject the Authority’s argument that a motion to vacate a default is nothing more than a motion to reconsider, which does not toll the Statute of Limitations
 
 (see, Matter of Simmons v Popolizio,
 
 160 AD2d 368,
 
 affd 78
 
 NY2d 917). A motion to reconsider generally seeks the same relief, and advances factual and legal issues that were previously litigated at the administrative level. For that reason, it cannot be used to extend the Statute of Limitations
 
 (see, Matter of De Milio v Borghard,
 
 55 NY2d 216, 220, 222;
 
 Matter of Davis v Kingsbury,
 
 30 AD2d 944, 945,
 
 affd for reasons stated
 
 27 NY2d 567).
 

 
 *348
 
 In contrast, a motion to vacate a default presents factual questions not previously passed upon by the administrative agency. By seeking to vacate the default, petitioner was simply availing herself of the Authority’s own invitation under its procedures to present new facts supporting her reasons for the default and to proffer a meritorious defense
 
 (see, Matter of Davis v Kingsbury, supra,
 
 30 AD2d, at 945 [noting that a second application may toll Statute of Limitations “where a different factual presentation is invited by the authority in question”];
 
 cf., Matter of Koukla, Inc. v New York State Liq. Auth.,
 
 37 AD2d 955, 956). Because petitioner’s application to vacate the default created a “fresh situation,” it cannot be considered a motion to reconsider a prior determination
 
 (Matter of Koukla, Inc. v New York State Liq. Auth., supra,
 
 37 AD2d, at 956).
 

 Our decision presents no risk of undermining the strong policy favoring efficiency and repose
 
 (see, Solnick v Whalen,
 
 49 NY2d 224, 232). Paragraph 8 of the Authority’s procedures permits a tenant to apply “within a reasonable time after his default in appearance” to open such default. This “reasonable time” limitation guards against unnecessary and dilatory applications. Here, petitioner sought to vacate the default only a day after receiving notice. Having inexplicably waited almost four months to serve its default determination, the Authority cannot now complain that petitioner’s timely request to vacate threatens the policy favoring swift prosecution of administrative determinations. Indeed, this Court has recently recognized the right of a defaulting rent-stabilized tenant to challenge an administrative determination relating to luxury decontrol of an apartment upon a showing that the tenant moved to vacate the default within a reasonable time
 
 (see, Matter of Dworman v New York State Div. of Hous. & Community Renewal,
 
 94 NY2d 359). Under thesfe circumstances, petitioner’s application to vacate the default presents no risk of circumventing the four-month Statute of Limitations, and the instant article 78 proceeding was not untimely
 
 (cf., Matter of De Milio v Borghard, supra, 55
 
 NY2d, at 222).
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Smith, Levine, Wesley and Rosenblatt concur.
 

 Order affirmed, with costs.
 

 *
 

 Paragraph 8 of those procedures provides: “If the tenant fails to answer or appear at the hearing the Hearing Officer shall note the default upon the record and shall make his written decision on the record before him. Upon application of the tenant made within a reasonable time after his default in appearance, the Hearing Officer may, for a good cause shown, open such default and set a new hearing date.”