■ In the Matter of PHEASANT POND OWNERS ASSOCIATION, INC., et al., Appellants, v BOARD OF TRUSTEES OF INCORPORATED VILLAGE OF SOUTHAMPTON et al., Respondents. [728 NYS2d 190] —In a proceeding pursuant to CPLR article 78 in the nature of prohibition, in effect, to prohibit the respondents, the Board of Trustees of the Incorporated Village of Southampton and the Incorporated Village of Southampton, from developing certain Village park land until a detailed environmental study is conducted and an Environmental Impact Statement is prepared, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Werner, J.), dated May 18, 2000, which, *inter alia*, denied the petition and dismissed the proceeding.

Ordered that the appeal by the petitioner Farrington Close Condominium, Board of Managers is dismissed as abandoned, without costs or disbursements, and it is further,

Ordered that the order and judgment is affirmed on the appeal of Pheasant Pond Owners Association, Inc., and Southampton Meadows Condominium, Board of Managers; and it is further,

Ordered that the respondents are awarded one bill of costs.

The petitioners are a homeowners' association and the boards of managers of two condominiums which seek to prevent the development of neighboring park land by the respondents, the Board of Trustees of the Incorporated Village of Southampton and the Incorporated Village of Southampton (hereinafter collectively the Village). In 1992 certain of these petitioners challenged a comprehensive plan to develop the park. The plan included, among other things, the construction of various athletic facilities and an administration building. On an appeal from a judgment dated June 16, 1992, in that proceeding, this Court found that the conclusory "negative declaration" issued by the Village was insufficient and in violation of the State Environmental Quality Review Act, and that the Village had conducted an improper "segmented review" of the plan (*Matter of Farrington Close Condominium Bd. of Mgrs. v Incorporated Vil. of Southampton,* 205 AD2d 623).

During the pendency of the prior proceeding, a baseball field and parking lot were constructed. The Village subsequently abandoned the comprehensive development plan. However, it later constructed overlapping soccer and softball fields, bleachers, and a scoreboard without further legal challenge. In February 2000 the Village scheduled a public meeting to be held on March 10, 2000, to consider a proposed plan to build bathroom facilities, a playground, and a fitness trail in the park (hereinafter the proposed plan).

On March 10, 2000, the petitioners commenced this proceeding pursuant to CPLR article 78, in effect, to prohibit the Village from further developing the park until it conducted a detailed environmental study and prepared an Environmental Impact Statement. The petitioners also moved for a preliminary injunction. The Supreme Court denied the motion and dismissed the proceeding on the ground, *inter alia*, that it was premature. The Supreme Court noted that, after the proceeding had been commenced, the Village completed a comprehensive Environmental Assessment Form.

The Supreme Court properly dismissed the proceeding. At the time the proceeding was commenced, the Village had simply announced a proposed plan and scheduled a public hearing. There was no final determination ripe for review pursuant to CPLR article 78 (*see, Matter of Essex County v Zagata,* 91 NY2d 447, 455; *Church of St. Paul & St. Andrew v Barwick,* 67 NY2d 510, 521, *cert denied* 479 US 985). We note that after the Environmental Assessment Form was completed, the Village issued a negative declaration concluding that the proposed plan would not have a significant adverse impact on the environment, and adopted a resolution approving the plan. That determination is the subject of a separate CPLR article 78 proceeding commenced by two of the petitioners, Pheasant Pond Owners Association, Inc. (hereinafter Pheasant Pond), and Southampton Meadows Condominium, Board of Managers (hereinafter Southampton Meadows).

In light of our determination, we do not reach the remaining contentions of the petitioners Pheasant Pond and Southampton Meadows. Altman, J. P., H. Miller, Smith and Cozier, JJ., concur.