In the Matter of MARK DRUCKER, Appellant, v NEW YORK CITY AGENCY FISA, Respondent. [778 NYS2d 890]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Financial Information Services Agency, dated January 29, 2002, that the petitioner was not entitled to accrue sick leave or annual leave as of the date he applied for disability retirement, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Knipel, J.), dated April 10, 2003, which granted that branch of the respondent's cross motion which was to dismiss the proceeding for failure to state a cause of action and dismissed the proceeding.

Ordered that the order and judgment is affirmed, with costs.

On January 29, 2002, the New York City Financial Information Services Agency (hereinafter FISA) determined that the petitioner was not entitled to accrue sick leave or annual leave as of the date he applied for disability retirement. In a letter dated December 19, 2002, the Comptroller of the City of New York (hereinafter the Comptroller), in effect, determined that FISA was correct. On December 11, 2002, the petitioner commenced this proceeding pursuant to CPLR article 78 to review FISA's January 29, 2002, determination.

The Supreme Court granted that branch of FISA's cross motion which was to dismiss the proceeding for failure to state a cause of action, and the petitioner appeals.

At the time that the petitioner commenced this proceeding, the Comptroller's determination, contained in the letter dated December 19, 2002, which the Supreme Court properly found to be the "final" determination as to the petitioner's entitlement to sick and annual leave accruals from the time he applied for disability retirement, had not yet been rendered. Accordingly, the proceeding was premature (*see Matter of Pheasant Pond Owners Assn. v Board of Trustees of Inc. Vil. of Southampton,* 285 AD2d 597 [2001]).

In light of our determination, we need not reach the parties' remaining contentions. Smith, J.P., Goldstein, Adams and Townes, JJ., concur.