■ In the Matter of Renee Brooks, Respondent, v New York City Housing Authority, Appellant. [873 NYS2d 104]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Housing Authority dated October 25, 2006, which, in effect, adopted the recommendation of a hearing officer dated October 5, 2006, made upon the petitioner's failure to appear at the hearing, sustaining certain charges against the petitioner, and terminated her tenancy in public housing, the New York City Housing Authority appeals, by permission, from an order of the Supreme Court, Kings County (Harkavy, J.), dated July 11, 2007, which, inter alia, granted the petition, remitted the matter to it for a hearing and a new determination on the merits, and denied its cross motion to dismiss the proceeding as premature.

Ordered that the order is reversed, on the law, without costs or disbursements, the cross motion to dismiss the proceeding as premature is granted, the petition is denied, and the proceeding is dismissed.

The petitioner was a residential tenant in a building operated by the appellant, New York City Housing Authority (hereinafter the NYCHA). On or about June 13, 2006, the NYCHA charged the petitioner with chronic delinquency in the payment of rent in violation of both her lease and her probation as established in a prior settlement with the NYCHA. The NYCHA allegedly sent to the petitioner a notice dated September 15, 2006, informing her that a recommendation had been made that her tenancy be terminated based on the charges contained in the specification of charges. The notice stated that a hearing would be held before a hearing officer on October 3, 2006. In a determination dated October 5, 2006, the hearing officer stated that the petitioner failed to appear at the hearing. Upon the petitioner's default, and based on the record, the hearing officer found that, in the absence of any controverting evidence, the charges should be sustained. The petitioner submitted a request to the hearing officer dated October 24, 2006, for a new hearing. On October 25, 2006, the NYCHA, in effect, adopted the hearing officer's determination sustaining the charges and terminated the petitioner's tenancy. While an application by the petitioner to vacate her default was still pending, on or about December 6, 2006, the petitioner commenced this proceeding pursuant to CPLR article 78.

Although the petitioner submitted her application to vacate her default prior to the commencement of this proceeding, when she commenced this proceeding, that application remained pend-

ing. By this proceeding, she sought review of the administrative determination entered upon her default. "Although petitioner's default here effectively terminated her tenancy, any challenge to that default is unreviewable absent an application to the Authority to vacate it" (*Matter of Yarbough v Franco*, 95 NY2d 342, 347 [2000]). "[N]o meaningful judicial review lies from the default itself" (*id.*). To permit the petitioner to raise issues pertaining to an excuse for her default and a meritorious defense for the first time in a CPLR article 78 proceeding would render judicial review meaningless. "Judicial review of administrative determinations is confined to the 'facts and record adduced before the agency' " (*id.*, quoting *Matter of Fanelli v New York City Conciliation & Appeals Bd.*, 90 AD2d 756, 757 [1982], *affd* 58 NY2d 952 [1983]). "Without an application to vacate, and [the NYCHA's] subsequent review, a court would have no record upon which to weigh the defaulting party's excuse and potential defense" (*Matter of Yarbough v Franco*, 95 NY2d at 347). Thus, because the petitioner sought review of the administrative determination entered upon her default, the Supreme Court should have granted the NYCHA's cross motion to dismiss this proceeding as premature, because, at the time she commenced this proceeding, her application to vacate her default was pending (*cf. Matter of Yarbough v Franco*, 95 NY2d at 347; *Matter of Drucker v New York City Agency FISA*, 8 AD3d 666 [2004]; *Matter of Pheasant Pond Owners Assn. v Board of Trustees of Inc. Vil. of Southampton*, 285 AD2d 597 [2001]).

In light of our determination, we need not reach the NYCHA's remaining contention. Rivera, J.P., Angiolillo, Dickerson and Chambers, JJ., concur.