■ In the Matter of MATSOS CONTRACTING CORPORATION, Petitioner, v NEW YORK STATE DEPARTMENT OF LABOR et al., Respondents. [914 NYS2d 445]—

Kavanagh, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Labor Law § 220) to review a determination of respondent Commissioner of Labor which, among other things, found petitioner to be an alter ego of GBE Contracting Corporation.

After GBE Contracting Corporation entered into two public works contracts with the New York State Thruway Authority to clean and paint bridges located within the state, a complaint was received by respondent Department of Labor (hereinafter respondent) that GBE had not, as it was required, paid prevailing wages to its workers on these public works projects (*see* Labor Law § 220 [3] [a]). As a result, payments due to GBE under a separate public works contract were withheld pending a final determination regarding its failure to pay prevailing wages (*see* Labor Law § 220-b). When petitioner replaced GBE under this contract, it was notified by respondent that it would be subject to the same sanctions as GBE pursuant to Labor Law § 220-b for the failure to pay prevailing wages, "unless satisfactory documentation is provided . . . clearly establishing that [petitioner] is not, in fact, an alter ego of GBE . . . or a successor or substantially-owned affiliated entity."

In June 2007, respondent notified petitioner and GBE, as well as their individual corporate officers and shareholders, that it would conduct a hearing to determine, among other things, whether GBE had failed to pay prevailing wages on its public works contracts and whether petitioner was a "substantially-owned affiliated entity" of GBE (Labor Law § 220-b). Petitioner did not serve an answer contesting any of the allegations set

forth in the notice of hearing (*see* 12 NYCRR 701.4, 701.5) and, in particular, did not deny that it was, in fact, the alter ego or substantially-owned affiliated entity of GBE. Instead, an attorney representing both GBE and petitioner notified respondent by letter that neither entity would appear and that each would consent to respondent proceeding upon its default.[1] A hearing was conducted, after which the Hearing Officer concluded, among other things, that GBE had deliberately failed to pay prevailing wages on these public works contracts[2] and that petitioner was its alter ego. Upon respondent Commissioner of Labor's adoption of the Hearing Officer's report, petitioner commenced this CPLR article 78 proceeding claiming that evidence admitted at the hearing had not been properly authenticated and that the determination that it was GBE's alter ego was not supported by substantial evidence.

The petition must be dismissed. The Hearing Officer's report, which was entitled "Default Report and Recommendation," expressly noted that its findings as they relate to petitioner were based on petitioner's failure to appear and its decision not to challenge any of the allegations made by respondent, including that it was a "substantially-owned affiliated entity" of GBE. "It is a well-settled proposition of law in this [s]tate that default judgments are not appealable, and the proper remedy is an application to the rendering court to open the default. This is so because a party is not aggrieved by a judgment entered upon his [or her] default. By analogy, a petitioner is not aggrieved by an administrative determination made on [its] default and may not seek to review such a determination" (*Interboro Mgt. Co. v State Div. of Human Rights*, 139 AD2d 697, 698 [1988] [citations omitted]; *see Matter of Yarbough v Franco*, 95 NY2d 342, 347 [2000]; *see also* CPLR 5511). Here, petitioner does not deny that it had notice that it was charged with being GBE's alter ego and substantially-owned affiliated entity and that it was well aware of the consequences that could result from the entry of such a finding. Moreover, petitioner does not dispute that its decision to default was purposeful and was made after it had a full and fair opportunity to confer with counsel. Having made a deliberate and what appears to be a calculated decision not to contest any of the allegations made by respondent in this proceeding, petitioner cannot now challenge the underlying

---

1. Petitioner was granted several adjournments of the hearing prior to forwarding this communication to respondent.

2. Underpayments in the amount of $189,403.37 and $42,911.72 were found on the two Thruway contracts. In addition, GBE was assessed a penalty in the amount of 25% the amount due, and both GBE and petitioner were barred for five years from bidding on public works contracts.

administrative determination entered as a result of that default and, as such, its petition challenging the determination must be dismissed.

Cardona, P.J., Spain, McCarthy and Egan Jr., JJ., concur. Adjudged that the petition is dismissed, without costs.