Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the New York State Department of Motor Vehicles, dated January 11, 2011, which, upon a decision of the New York State Department of Motor Vehicle Repair Shop Review Board dated November 8, 2010, denying the petitioner’s application to vacate its default in appearing at an administrative hearing and for a new hearing, and affirming the determination of an Administrative Law Judge dated September 5, 2007, made upon the petitioner’s failure to appear at the hearing, sustained certain charges against the petitioner and revoked the petitioner’s repair shop registration.
Adjudged that the determination dated January 11, 2011, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
On or about December 12, 2006, the New York State Department of Motor Vehicles (hereinafter the DMV) received a complaint against the petitioner, a motor vehicle repair shop. On January 11, 2007, a DMV consumer services representative contacted the petitioner regarding the allegations contained in the complaint, and on February 15, 2007, a DMV investigator interviewed Michael Koudellou, the petitioner’s president. The petitioner received notice to appear at a hearing scheduled for July 16, 2007, regarding the allegations contained in a specification of charges. Although a hearing was held on July 16, 2007, the petitioner failed to appear at the hearing.
In a determination dated September 5, 2007, an Administrative Law Judge (hereinafter ALJ) noted that the petitioner failed to appear at the hearing that was held on July 16, 2007. Upon *476 the petitioner’s default, and based on the record, the ALJ concluded that, in the absence of any explanation by the petitioner for its conduct, several of the charges should be sustained. The ALJ thus sustained charges one, two, three, six, seven, and eight, and revoked the petitioner’s repair shop registration.
By notice dated September 21, 2007, the DMV notified the petitioner that its repair shop registration was revoked. The petitioner subsequently appealed the ALJ’s determination to the DMV Repair Shop Review Board (hereinafter Review Board), and requested that the default be vacated. The revocation of the petitioner’s registration was stayed pending the outcome of the administrative appeal. The petitioner argued, inter alia, that it had a reasonable excuse for its failure to appear at the hearing, as well as a meritorious defense to the charges. In a decision dated November 8, 2010, the Review Board denied the petitioner’s request to vacate the default, and affirmed the ALJ’s determination. By notice dated January 11, 2011, the Commissioner of the DMV notified the petitioner that the stay of the revocation of its registration had been lifted, and that the revocation was in full force and effect.
The petitioner thereafter commenced this proceeding pursuant to CPLR article 78 to review the DMV’s determination to revoke its registration.
“[A] petitioner is not aggrieved by an administrative determination made on his [or her] default and may not seek to review such a determination” (Interboro Mgt. Co. v State Div. of Human Rights, 139 AD2d 697, 698 [1988]; see CPLR 5015, 5511; Matter of Matsos Contr. Corp. v New York State Dept, of Labor, 80 AD3d 924 [2011]; Matter of Brooks v New York City Hous. Auth., 58 AD3d 836 [2009]; Matter of Yarbough v Franco, 264 AD2d 740 [1999], affd 95 NY2d 342, 347 [2000]; Matter of Delgado v New York City Hous. Auth., 2012 NY Slip Op 32909[U] [2012]). Although the petitioner is not entitled to CPLR article 78 review of the Review Board’s determination to sustain the charges and revoke its registration, which was made upon its default, the Review Board’s determination to deny its application to vacate the default may be reviewed (see Interboro Mgt. Co. v State Div. of Human Rights, 139 AD2d 697 [1988]; see CPLR 5015, 5511; Matter of Matsos Contr. Corp. v New York State Dept, of Labor, 80 AD3d 924 [2011]; Matter of Yarbough v Franco, 264 AD2d 740 [1999]; Matter of Delgado v New York City Hous. Auth., 2012 NY Slip Op 32909[U] [2012]).
Although the DMV conducted a hearing directed by law at which evidence was taken, the determination sustaining the *477 charges and revoking the petitioner’s registration, as noted above, is not reviewable, and no substantial evidence issue was raised in connection with the petitioner’s challenge to the denial of its application to vacate its default. Accordingly, the Supreme Court should not have transferred the proceeding to this Court, but should have disposed of the proceeding by addressing the petitioner’s challenge to the Review Board’s denial of its application to vacate the default (see CPLR 7804 [g]). However, since the matter is now before this Court, we will decide the case on the merits in the interest of judicial economy (see Matter of Halperin v City of New Rochelle, 24 AD3d 768, 772 [2005]; Matter of Sunrise Manor Ctr. for Nursing & Rehabilitation v Novello, 19 AD3d 426 [2005]; Matter of Russo v New York State Dept, of Motor Vehs., 181 AD2d 774 [1992]).
To vacate its default in appearing at the hearing scheduled for July 16, 2007, the petitioner was required to demonstrate, at the administrative level, that it had both a reasonable excuse for its failure to appear, and a potentially meritorious defense to the charges (see Matter of Evans v New York City, 94 AD3d 885, 887 [2012], citing Matter of Peña v New York City Hous. Auth., 91 AD3d 581 [2012]; Matter of Dutta [Commissioner of Labor], 92 AD3d 1062, 1063 [2012]; Matter of Tribeca Med., P.C. v New York State Dept, of Health, 83 AD3d 1135 [2011]; Matter of Fahey v Axelrod, 105 AD2d 537, 538 [1984]).
The Review Board’s determination to deny the petitioner’s request to vacate the default has a rational basis in the record. Although the petitioner submitted an affidavit of its president, Michael Koudellou, alleging that Koudellou suffered an episode of vertigo on the date of the hearing, as well as a doctor’s note to that effect, the petitioner did not reasonably explain why another employee or other representative could not have appeared on the petitioner’s behalf in Koudellou’s absence. In addition, the petitioner did not reasonably explain why it did not seek to contact the DMV to alert it that Koudellou could not appear. Nor did the petitioner reasonably explain why it did not request a new hearing or otherwise contact the DMV until after the petitioner received notice of the revocation, almost three months after the hearing date (see Matter of Diamond Lee P [Paula C.], 99 AD3d 451, 452 [2012]; Matter of Tyieyanna L. [Twanya McK], 94 AD3d 494 [2012]; Matter of Vanessa E, 9 AD3d 464 [2004]; Matter of Ashley Marie M., 287 AD2d 333, 333-334 [2001]; Matter of Baby Girl S., 240 AD2d 215 [1997]; Matter of Delgado v New York City Hous. Auth., 2012 NY Slip Op 32909[U] [2012]; see also Matter of Stair v Swartz, 2008 NY Slip Op 31808[U] [2008]). In light of the petitioner’s failure to dem *478 onstrate a reasonable excuse for its default, we need not address whether the petitioner established the existence of a potentially meritorious defense to the charges (see Matter of Evans v New York City, 94 AD3d at 887; see generally Bitzios v Michelakis, 89 AD3d 779, 781 [2011]). Mastro, J.E, Balkin, Hall and Austin, JJ., concur.