■ In the Matter of IMANI BRISBON, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [19 NYS3d 578]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Housing Authority dated May 2, 2012, which adopted the recommendation of a hearing officer dated March 23, 2012, dismissing the petitioner's grievance challenging the denial of her request to succeed to the tenancy of her late mother's apartment as a remaining family member, upon her failure to appear, the New York City Housing Authority appeals from a judgment of the Supreme Court, Queens County (Hart, J.), dated December 19, 2013, which granted the petition and, in effect, annulled the determination.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is denied, and the proceeding is dismissed as premature.

The petitioner resides in a public housing apartment operated by the respondent, the New York City Housing Authority (hereinafter the NYCHA). The petitioner's mother was the tenant of record for this apartment. The petitioner's mother fell terminally ill and, in October 2008, the petitioner requested permission to become a permanent resident of the mother's household. The NYCHA approved the request on February 9, 2009, and the petitioner's mother passed away on April 12, 2009.

The petitioner filed a grievance with the NYCHA, claiming that she was entitled to remain in the apartment after her mother's death pursuant to the NYCHA's "remaining family member" policy. The NYCHA allegedly sent the petitioner a letter dated January 26, 2011, informing her that a hearing regarding her grievance would be held before a hearing officer on April 27, 2011. This hearing was adjourned on several occasions until January 17, 2012, when the petitioner and counsel for the NYCHA signed a written stipulation agreeing that the hearing would be held on March 23, 2012. In a determination

dated March 23, 2012, the hearing officer stated that the petitioner failed to appear at the hearing. Upon the petitioner's default, the hearing officer dismissed the petitioner's grievance. On May 2, 2012, the NYCHA adopted the hearing officer's determination dismissing the grievance. The petitioner did not make an application to vacate the NYCHA's determination, but instead commenced this proceeding pursuant to CPLR article 78. The Supreme Court granted the petition and, in effect, annulled the determination.

Judicial review of an administrative determination is limited to the "facts and record adduced before the agency" (*Matter of Brooks v New York City Hous. Auth.*, 58 AD3d 836, 838 [2009] [internal quotation marks omitted]). "For a challenge to administrative action to be ripe, the administrative action sought to be reviewed must be final, and the anticipated harm caused by the action must be direct and immediate" (*Weingarten v Town of Lewisboro*, 77 NY2d 926, 928 [1991]).

" '[A] petitioner is not aggrieved by an administrative determination made on his [or her] default and may not seek to review such a determination' " (*Matter of Tony's Towing Serv., Inc. v Swarts*, 109 AD3d 475, 476 [2013], quoting *Interboro Mgt. Co. v State Div. of Human Rights*, 139 AD2d 697, 698 [1988]). Indeed, "[w]ithout an application to vacate, and [the NYCHA's] subsequent review, a court would have no record upon which to weigh the defaulting party's excuse and potential defense" (*Matter of Yarbough v Franco*, 95 NY2d 342, 347 [2000]). Thus, as the petitioner here sought review of an administrative determination entered upon her default, the Supreme Court should have denied the petition and dismissed this proceeding as premature (*see Matter of Matsos Contr. Corp. v New York State Dept. of Labor*, 80 AD3d 924, 925 [2011]; *Matter of Brooks v New York City Hous. Auth.*, 58 AD3d 836 [2009]; *Matter of Pheasant Pond Owners Assn. v Board of Trustees of Inc. Vil. of Southampton*, 285 AD2d 597, 598 [2001]).

In light of our determination, we need not reach the NYCHA's remaining contentions. Rivera, J.P., Leventhal, Austin and Hinds-Radix, JJ., concur.