In the Matter of Bob Bruno Excavating, Inc., et al., Petitioners, v Roberta Reardon, Commissioner of Labor, State of New York, Respondent. [60 NYS3d 875]—

Proceeding pursuant to CPLR article 78 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to Labor Law § 220 [8]), to review a determination of respondent. The determination, inter alia, found that petitioners had underpaid their workers on certain public works projects.

It is hereby ordered that said petition is unanimously dismissed without costs.

Memorandum: Petitioners commenced this CPLR article 78 proceeding, initiated in this Court pursuant to Labor Law § 220 (8), seeking to annul a determination of respondent that, inter alia, found that petitioners had underpaid their workers on certain public works projects for the City of Auburn. We conclude that the petition must be dismissed. There is no dispute that respondent's determination was made upon petitioners' default, and it is well settled that a petitioner "is not aggrieved by an administrative determination made on his [or her] default and may not seek to review such a determination" (*Matter of Brisbon v New York City Hous. Auth.*, 133 AD3d 746, 747 [2015] [internal quotation marks omitted]; *see Matter of Matsos Contr. Corp. v New York State Dept. of Labor*, 80 AD3d 924, 925 [2011]; *see also* CPLR 5511). The proper remedy for petitioners is to make an application to respondent to reopen the administrative hearing and/or vacate the default (*see*

*Interboro Mgt. Co. v State Div. of Human Rights*, 139 AD2d 697, 698 [1988]). We note that it appears from the parties' submissions to this Court that petitioners have made such an application and that respondent's determination thereon is currently pending. In the event that respondent denies the application, petitioners may commence a new CPLR article 78 proceeding to challenge that denial (*see generally Matter of Yarbough v Franco*, 95 NY2d 342, 347 [2000]; *Matter of Tony's Towing Serv., Inc. v Swarts*, 109 AD3d 475, 476 [2013]). At this stage of the litigation, however, the petition must be dismissed (*see Matsos Contr. Corp.*, 80 AD3d at 925-926; *see also Brisbon*, 133 AD3d at 747; *Matter of Brooks v New York City Hous. Auth.*, 58 AD3d 836, 837-838 [2009]). Present—Centra, J.P., Peradotto, NeMoyer, Troutman and Winslow, JJ.