Matter of Blum v Pathstone Corp. (2019 NY Slip Op 03867)





Matter of Blum v Pathstone Corp.


2019 NY Slip Op 03867


Decided on May 16, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 16, 2019

527306

[*1]In the Matter of DAVID BLUM, Petitioner,
v
PATHSTONE CORPORATION, Appellant.

Calendar Date: March 25, 2019

Before: Egan Jr., J.P., Lynch, Clark, Mulvey and Devine, JJ.


Catania, Mahon, Milligram & Rider, PLLC, Newburgh (Jeffrey S. Sculley of counsel), for appellant.



MEMORANDUM AND ORDER
Mulvey, J.
Appeal from a judgment of the Supreme Court (Schick, J.), entered October 26, 2017 in Sullivan County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.
Petitioner lived with his family in an apartment in the Town of Fallsburg, Sullivan County and he received a rent subsidy pursuant to the Section 8 Housing Choice Voucher Program (see 42 USC § 1437f), which is locally administered by respondent. When respondent informed petitioner that it was terminating his housing assistance, petitioner requested a hearing to appeal that decision. After the hearing was twice postponed at petitioner's request, he sought another adjournment, asserting that the third scheduled date was a religious holiday. Having informed petitioner that another adjournment would not be granted, respondent upheld the determination based on petitioner's default.
Petitioner commenced this CPLR article 78 proceeding seeking reinstatement of housing benefits as well as monetary damages for not only housing costs, but also for mental anguish. Respondent moved to dismiss on the grounds of, among other things, the statute of limitations, failure to timely serve respondent, failure to state a claim and lack of subject matter jurisdiction due to petitioner's failure to exhaust his administrative remedies. Because petitioner had not exhausted all available administrative remedies, Supreme Court granted respondent's motion and dismissed the petition as "premature, without prejudice to refiling if respondent denies a formal application to vacate petitioner's default." Supreme Court did not address respondent's other arguments for dismissal. Respondent appeals.
Initially, respondent moved for dismissal of petitioner's claims in their entirety (making no mention of whether such dismissal should be with or without prejudice), and Supreme Court dismissed the entire petition. As respondent received the relief it requested, it does not appear that respondent is aggrieved (see T.D. v New York State Off. of Mental Health, 91 NY2d 860, 862 [1997]; Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 544-545 [1983]; Mixon v TBV, Inc., 76 AD3d 144, 148-149 [2010] ["the concept of aggrievement is about whether relief was granted or withheld, and not about the reasons therefor"]; Broadway Equities [*2]v Metropolitan Elec. Mfg. Co., 306 AD2d 426, 428 [2003]). Respondent now asserts that the court should have dismissed the petition with prejudice. To the extent that respondent is aggrieved because it has not obtained complete relief based on the court's dismissal being granted without prejudice (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d at 544-545; Mixon v TBV, Inc., 76 AD3d at 148-149), we find no error.
Parties may not seek court review of an administrative determination rendered upon default; any proceeding seeking court review of such a determination is premature (see Matter of Yarbough v Franco, 95 NY2d 342, 347 [2000]; Matter of Brisbon v New York City Hous. Auth., 133 AD3d 746, 747 [2015]; Matter of Mastos Contr. Corp. v New York State Dept. of Labor, 80 AD3d 924, 925 [2011]). The proper procedure is to apply to the agency to vacate the default by demonstrating a reasonable excuse for the default and the existence of a meritorious claim and, if unsuccessful, seek court review of the agency's denial of that application (see Interboro Mgt. Co. v State Div. of Human Rights, 139 AD2d 697, 698 [1988]; see also Matter of Yarbough v Franco, 95 NY2d at 347-348; Matter of Mastos Contr. Corp. v New York State Dept. of Labor, 80 AD3d at 925). Supreme Court appropriately indicated that petitioner may follow that procedure.
Respondent's current argument regarding petitioner's failure to timely serve the pleadings is misplaced, as the statute relied upon expressly requires that any dismissal on this ground must be "without prejudice" (CPLR 306-b; see Henneberry v Borstein, 91 AD3d 493, 495 [2012]). As for respondent's statute of limitations argument, "the fact that a determination is final for the purpose of its present execution does not mean it is final for judicial review purposes" (Matter of Yarbough v Franco, 95 NY2d at 346; see Matter of New York Cent. R.R. Co. v Public Serv. Commn., 238 NY 132, 135 [1924]). "Without an application to vacate, and the [agency's] subsequent review, a court would have no record upon which to weigh the defaulting party's excuse and potential defense. Because no meaningful judicial review lies from the default itself, [the Court of Appeals has held] that the [agency's] denial of [a] petitioner's application to vacate the default constitutes the final, binding determination from which the four-month [s]tatute of [l]imitations is measured" (Matter of Yarbough v Franco, 95 NY2d at 347 [citations omitted]; see Matter of Mastos Contr. Corp. v New York State Dept. of Labor, 80 AD3d at 925; Interboro Mgt. Co. v State Div. of Human Rights, 139 AD2d at 698). We do not share respondent's apprehension that this rule allows all petitioners an unlimited time to file a court challenge to an agency determination rendered on default. Although the statute of limitations will not prevent such challenges, they can be dismissed as premature, as noted above. Agencies may enact rules or regulations limiting the time within which a party may seek to vacate an administrative default, thereby creating a time limit on potential court challenges to determinations denying such applications. Moreover, if petitioner submits an application to vacate the default, respondent will render a new determination and, if petitioner brings a future proceeding thereon, respondent will be free to raise any defenses that are then applicable to that new determination.
Further, although respondent sought dismissal of several claims pursuant to CPLR 3211 (a) (7), "[a] dismissal for failure to state a cause of action based on the insufficiency of the allegations in the pleading is not a dismissal on the merits, and does not bar the adequate repleading of the claim in a subsequent action," so such a dismissal should generally be without prejudice (Canzona v Atanasio, 118 AD3d 837, 840-841 [2014]; see 175 E. 74th Corp. v Hartford Acc. & Indem. Co., 51 NY2d 585, 590 n 1 [1980]; Pereira v St. Joseph's Cemetery, 78 AD3d 1141, 1142 [2010]). Although respondent is correct that some of petitioner's claims cannot properly be brought in, nor may certain damages be sought in, a proceeding pursuant to CPLR article 78 (see CPLR 7803, 7806; Matter of SLS Residential, Inc. v New York State Off. of Mental Health, 67 AD3d 813, 817 [2009], lv denied 14 NY3d 713 [2010]), those claims or damages could potentially be included in a complaint in a subsequent action. Accordingly, Supreme Court did not err in granting respondent's dismissal motion without prejudice.
Egan Jr., J.P., Lynch, Clark and Devine, JJ., concur.
ORDERED that the judgment is affirmed, without costs.