Matter of Campos v New York City Dept. of Corr. (2019 NY Slip Op 03966)





Matter of Campos v New York City Dept. of Corr.


2019 NY Slip Op 03966


Decided on May 22, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2017-02435
 (Index No. 2214/16)

[*1]In the Matter of Giovanny Campos, appellant,
v
New York City Department of Corrections, respondent.


Giovanny Campos, Jamaica, NY, appellant pro se.
Zachary W. Carter, Corporation Counsel, New York, NY (Deborah A. Brenner and Dona B. Morris of counsel), for respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Correction dated June 4, 2015, which, after a hearing, terminated the petitioner's employment as a New York City Correction Officer, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Janice A. Taylor, J.), entered January 9, 2017. The order and judgment granted the respondent's motion pursuant to CPLR 7804(f) and 3211(a) to dismiss the proceeding, and thereupon, denied the petition and dismissed the proceeding.
ORDERED that the order and judgment is affirmed, with costs.
The petitioner was employed as a New York City Correction Officer with the New York City Department of Correction, sued herein as New York City Department of Corrections (hereinafter DOC). The DOC charged the petitioner with violations of its rules, alleging that he had engaged in an inappropriate sexual relationship with a 16-year-old girl when he was 41 years old, thereby resulting in him being charged with endangering the welfare of a child and sexual abuse in the third degree. The DOC conducted a disciplinary hearing pursuant to Civil Service Law § 75 wherein, inter alia, the petitioner admitted to engaging in a sexual relationship with the complainant, but claimed that she told him that she was 18 years old. After the hearing, in a determination dated June 4, 2015, the DOC found the petitioner guilty of the charges and terminated his employment. The petitioner was advised that he could appeal the determination to either the Civil Service Commission (hereinafter CSC) or to a court in accordance with CPLR article 78, and was further advised that if he elected to appeal to the CSC, its determination would be final and conclusive. The petitioner elected to appeal the determination to the CSC and, after a hearing, on August 20, 2015, the CSC affirmed the DOC's determination and the penalty imposed.
On February 25, 2016, the petitioner commenced this CPLR article 78 proceeding to review the DOC's determination. The DOC moved pursuant to CPLR 7804(f) and 3211(a) to dismiss the proceeding. The Supreme Court granted the DOC's motion, and thereupon, denied the petition and dismissed the proceeding.
Pursuant to CPLR 217(1), "[u]nless a shorter time is provided in the law authorizing [*2]the proceeding, a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner or the person whom he [or she] represents in law or in fact." " An administrative determination becomes final and binding'" within the meaning of CPLR 217(1) " when the petitioner seeking review has been aggrieved by it'" (Matter of Caslin v Nassau County Civ. Serv. Commn., 104 AD3d 684, 684, quoting Matter of Yarbough v Franco, 95 NY2d 342, 346). Here, the DOC determination terminating the petitioner's employment was issued on June 4, 2015, and the CSC decision upholding that determination was issued on August 20, 2015. Since the petitioner did not commence this CPLR article 78 proceeding until February 25, 2016, the proceeding is time-barred.
Furthermore, Civil Service Law § 76(3) provides that "[t]he decision of such civil service commission shall be final and conclusive, and not subject to further review in any court." Since the petitioner elected to appeal to the CSC, he may only seek judicial review if the DOC has acted illegally, unconstitutionally, or in excess of its jurisdiction (see Matter of New York City Dept. of Envtl. Protection v New York City Civ. Serv. Commn., 78 NY2d 318, 323). The petition does not allege or present facts demonstrating that the DOC acted illegally, unconstitutionally, or in excess of its jurisdiction.
DILLON, J.P., LEVENTHAL, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court