Matter of Sci-Hi Prep Corp. v New York State Educ. Dept. (2020 NY Slip Op 00016)





Matter of Sci-Hi Prep Corp. v New York State Educ. Dept.


2020 NY Slip Op 00016


Decided on January 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 2, 2020

527446

[*1]In the Matter of Sci-Hi Prep Corporation, Doing Business as Fast Successful English Academy, Appellant,
v
New York State Education Department et al., Respondents.

Calendar Date: November 19, 2019

Before: Egan Jr., J.P., Lynch, Clark and Pritzker, JJ.


Hodgson Russ LLP, Buffalo (Peter H. Wiltenburg of counsel), for appellant.
Letitia James, Attorney General, Albany (Victor Paladino of counsel), for respondents.



Egan Jr., J.P.
Appeal from a judgment of the Supreme Court (Ryba, J.), entered March 6, 2018 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Education, imposing, among other things, civil penalties and restitution.
In January 2016, respondent Education Department commenced a disciplinary proceeding against petitioner pursuant to Education Law § 5001 et seq. and the regulations of respondent Commissioner of Education (see 8 NYCRR 126.10), based upon allegations that it impermissibly operated a for-profit English as a second language school for over 25 years, at four separate locations in New York City. Specifically, the Department alleged that, since 1992, petitioner has operated an English as a second language school without, among other things, being certified (see Education Law § 5001 [4] [f] [4]), employing at least one private school agent, paying required fees and submitting required licensure and certification paperwork (see 8 NYCRR 126.10 [j]; 126.12). Petitioner did not answer or otherwise contest the Department's charges and thereafter failed to appear at a hearing before the designated Hearing Officer. As a result of petitioner's default, the Hearing Officer deemed the allegations against petitioner to be admitted and recommended the imposition of fines totaling $398,000. The Commissioner adopted the Hearing Officer's report and, in a final order, imposed a civil penalty totaling $398,000 and restitution, and ordered petitioner to cease and desist all operations. Petitioner thereafter commenced this CPLR article 78 proceeding seeking review of the civil penalties imposed, claiming that they were excessive and improper. Supreme Court dismissed the petition, finding that petitioner's default precluded review of the order. Petitioner appeals.
We affirm. Petitioner does not deny that it failed to answer or otherwise appear following service upon it of both the notice of charges and the notice of hearing date. Nor did petitioner object to the Hearing Officer's report or otherwise seek to vacate its default prior to the Commissioner's issuance of its April 2017 order imposing the subject fines. It is well settled that "a petitioner is not aggrieved by an administrative determination made on its default and may not seek to review such a determination" (Matter of Matsos Contr. Corp. v New York State Dept. of Labor, 80 AD3d 924, 925 [2011] [internal quotation marks, brackets and citation omitted]; see Matter of Yarbough v Franco, 95 NY2d 342, 347 [2000]; Matter of Blum v Pathstone Corp., 172 AD3d 1679, 1680 [2019]; Matter of Brisbon v New York City Hous. Auth., 133 AD3d 746, 747 [2015]; Matter of Tony's Towing Serv., Inc. v Swarts, 109 AD3d 475, 476 [2013]; cf. CPLR 5015, 5511). Notably, "the fact that a determination is final for the purpose of its present execution does not mean it is final for judicial review purposes" (Matter of Yarbough v Franco, 95 NY2d at 346). Rather, the proper procedure for a petitioner seeking judicial review of the merits underlying an administrative default "is to apply to the agency to vacate the default by demonstrating a reasonable excuse for the default and the existence of a meritorious claim and, if unsuccessful, seek[ing] court review of the agency's denial of that application" (Matter of Blum v Pathstone Corp., 172 AD3d at 1680-1681; see Matter of Matsos Contr. Corp. v New York State Dept. of Labor, 80 AD3d at 925). We find unavailing petitioner's contentions that (1) Education Law § 5003 expressly relieves petitioner from having to submit an application seeking to vacate its administrative default before seeking judicial review of the underlying merits or (2) that the absence of a statutory and/or regulatory procedural mechanism for seeking vacatur of an administrative default precludes the agency from otherwise entertaining such an application. Notably, at oral argument, counsel for respondents conceded that the Commissioner would readily entertain an application by petitioner seeking to vacate the subject default. Accordingly, inasmuch as petitioner has, to date, not filed an application seeking to vacate its administrative default, we find that its petition was properly dismissed.
Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, without costs.