Matter of Arcamone-Makinano v Perlmutter (2021 NY Slip Op 04222)





Matter of Arcamone-Makinano v Perlmutter


2021 NY Slip Op 04222


Decided on July 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-07662
 (Index No. 2021/19)

[*1]In the Matter of Amelia Arcamone-Makinano, appellant,
v
Margery Perlmutter, et al., respondents-respondents; Britton Property, Inc., intervenor-respondent.


Amelia Arcamone-Makinano, Elmhurst, NY, appellant pro se.
Georgia M. Pestana, Acting Corporation Counsel, New York, NY (Melanie T. West and Jonathan A. Popolow of counsel), for respondents-respondents.
Quinn McCabe, LLP, New York, NY (Denise A. Krall), for intervenor-respondent.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to annul two determinations of the New York City Board of Standards and Appeals dated May 1, 2012, and March 26, 2019, respectively, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Bruce M. Balter, J.), dated May 30, 2019. The order and judgment, insofar as appealed from, in effect, granted those branches of the separate cross motions of the respondents and the intervenor which were, in effect, pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition, and, in effect, dismissed the petition.
ORDERED that the order and judgment is affirmed insofar as appealed from, with one bill of costs to the respondents and the intervenor appearing separately and filing separate briefs.
The petitioner is the owner of a two-story single-family home located in Queens. The adjacent property was purchased by the intervenor, Britton Property, Inc. (hereinafter Britton), in February 2008. Shortly thereafter, Britton sought to construct a new building on its property. The construction required, inter alia, the installation of shoring piles, which were to be installed several inches over the property line and under the side yard of the petitioner's property. The ensuing excavation and construction, which was substantially completed in September 2009, resulted in years of administrative challenges and litigation.
In a determination dated May 1, 2012, the New York City Board of Standards and Appeals (hereinafter the Board) resolved to reverse a decision of the New York City Department of Buildings (hereinafter the Department of Buildings), which had revoked certain building permits issued to Britton. In a decision dated March 26, 2019, the Board, at its regular meeting of the same date, denied the petitioner's application for a rehearing. By petition dated April 2, 2019, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the Board's two determinations. In response to the petition, the Board and Britton separately cross-moved, inter alia, in effect, pursuant to CPLR 3211(a) and 7804(f) to dismiss the petition. The Supreme Court [*2]determined that the matter had already "been fully litigated" and, in effect, granted those branches of the cross motions which were, in effect, to dismiss the petition on the ground that the proceeding was barred by the doctrines of collateral estoppel and res judicata, and thereupon, in effect, dismissed the petition. The petitioner appeals. We affirm, albeit on grounds different from those relied upon by the Supreme Court.
"Under the doctrine of collateral estoppel, a party is precluded from 'relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same'" (Vitello v Amboy Bus Co., 83 AD3d 932, 933, quoting Ryan v New York Tel. Co., 62 NY2d 494, 500). "The doctrine applies if the issue in the second action [or proceeding] is identical to an issue which was raised, necessarily decided and material in the first action [or proceeding], and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action [or proceeding]" (Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349). Here, in a prior action, neither this Court nor the Supreme Court decided the issue now raised in the instant proceeding, namely, whether the Board acted arbitrarily or capriciously in rendering its determinations. Consequently, the doctrine of collateral estoppel did not preclude the petitioner from raising that issue in this proceeding (see Oxford Health Plans [NY], Inc. v Biomed Pharms., Inc., 181 AD3d 808, 813-814; Bank of N.Y. Mellon v Chamoula, 170 AD3d 788, 790-791).
"Under the doctrine of res judicata, a final judgment precludes reconsideration of all claims which could have or should have been litigated in the prior proceedings against the same party" (Breslin Realty Dev. Corp. v Shaw, 72 AD3d 258, 263; see Goldman v Rio, 104 AD3d 729, 730). The Board was not a party to the prior action. Further, the petitioner could not have sought, in that action, the relief that she seeks in this proceeding. Therefore, the doctrine of res judicata is inapplicable (see Shortt v City of New York, 173 AD3d 925; Lamussky v City of New York, 281 AD2d 598).
However, that branch of the petition which sought review of the Board's May 1, 2012 determination was untimely. CPLR 217(1) provides, in pertinent part, that "[u]nless a shorter time is provided in the law authorizing the proceeding, a proceeding against a body or officer must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner or the person whom he [or she] represents in law or in fact, or after the respondent's refusal, upon the demand of the petitioner or the person whom he [or she] represents, to perform its duty." Pursuant to Administrative Code of the City of New York § 25-207(a), a CPLR article 78 proceeding to challenge a "decision" of the Board "must be presented to a justice of the supreme court . . . within thirty days after the filing of the decision in the office of the board" of standards and appeals. The instant proceeding was not commenced within thirty days after the filing of the Board's May 1, 2012 determination. Therefore, that branch of the petition which was to challenge the Board's May 1, 2012 determination is time-barred (see Matter of Astoria Landing, Inc. v New York City Bd. of Stds. & Appeals, 132 AD3d 986; Larabe Realty Co. v Silva, 234 AD2d 297).
Further, the Board's March 26, 2019 determination to deny the petitioner's application for a rehearing is not ripe for judicial review. Administrative determinations may be challenged in a CPLR article 78 proceeding only after the determination is final (see CPLR 7801[1]; Matter of Greenberg v Assessor of Town of Scarsdale, 121 AD3d 986, 989). "For a challenge to administrative action to be ripe, the administrative action sought to be reviewed must be final, and the anticipated harm caused by the action must be direct and immediate" (Weingarten v Town of Lewisboro, 77 NY2d 926, 928; see Matter of Brisbon v New York City Hous. Auth., 133 AD3d 746, 747). At the time of the commencement of this proceeding, a final determination had not yet been rendered. Chapter 1 of the Rules of Practice and Procedures of the New York City Board of Standards of Appeals provides that "[a] final determination of the Board will be in the form of a written resolution" (2 RCNY 1-12.1). Such written resolution "will state the rule, regulation, order, requirement, decision, or determination upon which the application has been made, and will set forth the Board's findings and conclusions" (id.). The "determination of the Board in each case will be incorporated in a resolution formally adopted and filed at the Board office" (id. § 1-12.9). As no final written resolution had been rendered as of the date of the commencement of this proceeding, [*3]the March 26, 2019 determination of the Board is not ripe for judicial review (see Matter of Ranco Sand & Stone Corp. v Vecchio, 124 AD3d 73, 86-87; Matter of Greenberg v Assessor of Town of Scarsdale, 121 AD3d at 989).
In light of our determination, we need not consider the petitioner's remaining contentions.
DILLON, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court