Matter of Hughes v New York City Loft Bd. (2022 NY Slip Op 01389)





Matter of Hughes v New York City Loft Bd.


2022 NY Slip Op 01389


Decided on March 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 03, 2022

Before: Renwick, J.P., Gesmer, Moulton, Rodriguez, Pitt, JJ. 


Index No. 150395/19 Appeal No. 15445 Case No. 2021-03442 

[*1]In the Matter of Frank Hughes, Petitioner-Appellant,
v
New York City Loft Bd. et al., Respondents-Respondents.


Goodfarb & Sandercock, LLP, New York (Margaret B. Sandercock of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (MacKenzie Fillow of counsel), for New York City Loft Board, respondent.
Law Office of Todd Rothenberg, New Rochelle (Todd Rothenberg of counsel), for Dasa Realty Corp., respondent.



Judgment, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about June 23, 2021, denying the petition to annul the determinations of respondent New York City Loft Board dated December 22, 2017 and November 15, 2018, which denied petitioner's application for protected occupant status under the Loft Law and his application for reconsideration of that determination, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
The Board rationally determined that the subject unit was not petitioner's "primary residence," and that he was not entitled to protected occupancy of the unit (see Multiple Dwelling Law § 286[2]; 29 RCNY 2-09[b][4]; Matter of 177 Water St. Realty LLC v New York City Loft Bd., 169 AD3d 559, 560 [1st Dept 2019]). At the hearing and in post-hearing briefing, petitioner admitted that he moved out of the unit shortly after making the instant Loft Law application. Thus, petitioner did not reside in the unit, let alone use it as his primary residence. The Board did not unfairly or retroactively apply the "primary residence" requirement, since the key language — "provided that the unit is their primary residence" — has been part of the statute since it was added by amendment in 1992, long before petitioner became an occupant of the unit (see Multiple Dwelling Law § 286; L 1992, ch 227, § 2).
The motion court properly rejected petitioner's contention that, following reconsideration, the Board should have remanded his application for further fact finding, particularly in light of petitioner's assertion that he had moved back into the unit during the pendency of the hearing. There is no basis for considering assertions, such as petitioner's alleged post-hearing residence, which were not raised in the administrative proceeding (see Matter of Yarbough v Franco, 95 NY2d 342, 347 [2000]).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 3, 2022