## 7 Eleven, Inc. v New York City Dept. of Consumer Affairs

2024 NY Slip Op 32164(U)

June 26, 2024

Supreme Court, New York County

Docket Number: Index No. 159702/2019

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | | |
|---|---|---|
| PRESENT: | HON. ARLENE P. BLUTH | PART | 14 |

*Justice*

-----------------------------------------------------------------------------X

7 ELEVEN, INC.

                               Petitioner,

                 - v -

NEW YORK CITY DEPARTMENT OF CONSUMER
AFFAIRS,

                          Respondent.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 159702/2019 |
| MOTION DATE | N/A[1] |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1- 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, 27, 28, 29, 30

were read on this motion to/for             ARTICLE 78        .

       The petition to annul a determination by respondent is denied.

**Background**

       Petitioner seeks to vacate respondent's determination denying petitioner's application for an electronic cigarette retail dealer license and for a tobacco retail dealer license for a 7 Eleven Store. It alleges that the entity that initially held these licenses surrendered its 7 Eleven franchise to petitioner and returned management of the store to the 7 Eleven corporate office.

       Petitioner argues that because this action, the surrendering of the store, does not constitute a sale (an arm's length transaction), petitioner is not required to comply with the 30-day filing period to file an application for the licenses.

---

[1] The Court observes that this proceeding was fully briefed in March 2020 and yet it has remained pending, despite not being marked submitted, for over four years. Although the case was only recently transferred to this part, this Court must apologize, on behalf of the Court system, for the lengthy delay in the resolution of this proceeding.

**159702/2019 7 ELEVEN, INC. vs. DEPARTMENT OF CONSUMER AFFAIRS**
**Motion No. 001**

**Page 1 of 6**

1 of 6

[* 1]

Petitioner admits that in February 2018, the New York City Council enacted caps on the availability of tobacco licenses and following this law, stores could only apply for such licenses if (1) they were available or (2) the business having the license is sold or (3) the business is located in area without a cap. Petitioner complains that when it sent in the application for the licenses, there was no option for a situation in which a franchisee had surrendered the store back to the parent company and so it picked the sale option in the application. The application included a bill of sale from the prior owner of the store.

Respondent emphasizes that there is no dispute that petitioner did not submit its application for the aforementioned licenses within 30 days of the change in ownership, which was characterized in the application as a sale. It explains that the prior owner's licenses were effectively surrendered when the succeeding owner files an application with respondent. Respondent points out that even if that application is denied, the new owner cannot sell tobacco products pursuant to a license issued to a different entity.

Respondent observes that the goal of the tobacco licensing scheme was to cap the number of licenses in certain areas while providing exceptions in certain instances, such as when a business is sold. Respondent argues that its determination to deny petitioner's application was rational and that petitioner did not properly effectuate service of the petition pursuant to CPLR 306-b.

**Service**

Respondent contends that the petition was not timely served. Pursuant to CPLR 306-b, the petition had to be served within fifteen days after the expiration of the statute of limitations. Here, respondent contends that deadline was October 21, 2019 as the statute of limitations expired on October 6, 2019, four months after the determination that forms the basis of this

**159702/2019   7 ELEVEN, INC. vs. DEPARTMENT OF CONSUMER AFFAIRS**
**Motion No.  001**

**Page 2 of 6**

[* 2]

proceeding.  The petition was not served by October 21 – the affidavit of service claims service on October 28.

Petitioner contends that the applicable time period should run from June 13, 2019 because that is when petitioner received an email from respondent's legal department stating that the June 3, 2019 decision was final (NYSCEF Doc. No. 21).

The Court finds that the June 13, 2019 email did not extend the limitations period.  The June 3, 2019 determination states that "This is a final determination. If you wish to seek review of this determination, you must initiate a proceeding under Article 78 of the New York Civil Practice Law and Rules within four months of the date of this letter" (NYSCEF Doc. No. 20).

Nothing in the June 13, 2019 email suggests that it should restart the limitations period as it merely reiterated that respondent's June 3, 2019 decision was final.  The Court views this email correspondence as, essentially, a request to reconsider which does not extend the applicable period (*see Matter of Yarbough v Franco,* 95 NY2d 342, 347, 717 NYS2d 79 [2000] [comparing a motion to reconsider versus a motion to vacate for purposes an Article 78 limitations period]).

CPLR 306-b provides that service must be effectuated "not later than fifteen days after the date on which the applicable statute of limitations expires" or the proceeding will be dismissed.  The applicable date here is June 6, 2019, when petitioner admits it received the final determination (NYSCEF Doc. No. 21).  Four months from that date is October 6, 2019, which means that petitioner had until October 21, 2019 to complete service.  The affidavit of service alleges service was effectuated on October 28, 2019 (NYSCEF Doc. No. 10) which is too late.

**159702/2019   7 ELEVEN, INC. vs. DEPARTMENT OF CONSUMER AFFAIRS**
**Motion No.  001**

**Page 3 of 6**

[* 3]

Petitioner did not argue that good cause should compel the Court to extend its time to effectuate service. Instead, petitioner claims that service was timely. Therefore, the Court dismisses the petition as petitioner did not timely effectuate service.

**Merits**

Even if the Court were to consider the merits, the Court would still dismiss the petition.[2]

Here, the relevant statutory scheme provides that:

"a business whose owner has been issued a retail dealer license is sold, the succeeding owner may apply for a license for use at the same location, provided that the retail dealer selling such business was in good standing at the time of such sale, and the application is received within thirty days of the applicable change of ownership" (Administrative Code § 20-202[e][4][B]).

Petitioner's central contention is that there was no sale and, instead, characterizes the transaction as a "management transfer." However, petitioner's application contains a bill of sale in which the prior owner ("Ersaw Convenience") sold the store to petitioner for $199,000 (NYSCEF Doc. No. 4 at 24 of 60). Petitioner characterizes this as an "arbitrarily dated 'Bill of Sale'" (NYSCEF Doc. No. 1, ¶ 15). The application also indicated that petitioner was applying for a license due to a sale of the business (NYSCEF Doc. No. 4 at 10 of 60).

Nothing in this record supports petitioner's view that the 30-day time limit did not apply to it. That petitioner referred to the business transaction as a management transfer is belied by the fact that it included a bill of sale in the application. Moreover, the Court observes that on the first page of this application, **in bold**, is a warning that this type of application had to be submitted "within 30 days of the change in ownership or partnership" (*id*. at 10 of 60). There was no reasonable confusion about the need for the 30-day deadline.

---

[2] Normally the Court would not address the merits when service was not good and the Court lacked jurisdiction. However, given the length of time that this proceeding has remained pending due to court system failures, the Court finds it appropriate to address the merits.

**159702/2019   7 ELEVEN, INC. vs. DEPARTMENT OF CONSUMER AFFAIRS**
**Motion No.  001**

**Page 4 of 6**

Even if the Court were to embrace petitioner's view that it was not a "sale," that does not compel a different outcome. Petitioner's arguments do not address the fact that the licenses were issued to Ersaw Convenience and that petitioner was seeking to obtain a license in its own name. Simply because petitioner internally characterizes the transaction as a management transfer is not a reason to permit petitioner to use tobacco licenses not issued in its name and without respondent's approval. The clear purpose of the relevant statute, Administrative Code § 20-202, is to enforce a cap on the number of tobacco licenses.

Petitioner chose to avail itself of an exception to this cap on the number of licenses by filing out an application as a succeeding owner of the store, which contained a 30-day deadline after "the applicable change in ownership." There is no dispute that petitioner did not meet that deadline. And there is no basis to find that petitioner is both entitled to have the licenses transferred to it *and* that it not comply with the deadline. Of course, nothing prevented petitioner from applying for new licenses on its own (assuming there were licenses available). But petitioner cannot seek an exception to the cap and then contend that it need not follow the terms of that option.

To be sure, a broader phrase concerning business transactions may have helped clarify how petitioner could have sought to take over these licenses. But this is not a situation in which petitioner was paralyzed with confusion; it submitted an application that simply was not timely. That is, the nature of how Ersaw Convenience transferred its interest to petitioner was not the sole reason respondent denied the application. Respondent denied it because it was late.

Petitioner also complains about the fact that it was forced to surrender the licenses issued to Ersaw Convenience; its cover letter demands that if the application was not accepted petitioner did not want the licenses to be surrendered (NYSCEF Doc. No. 5). This is also not a reason to

**159702/2019   7 ELEVEN, INC. vs. DEPARTMENT OF CONSUMER AFFAIRS**
**Motion No.  001**

**Page 5 of 6**

5 of 6

[* 5]

grant the petition. As respondent points out, the licenses were issued to Ersaw Convenience, which means that when petitioner (a separate business) applied for these licenses on the ground that it took over the business, it only makes sense that the licenses were surrendered. And Ersaw Convenience clearly was not operating on the premises any longer.

Of course, this terminology does not really matter in practice. There is no dispute that Ersaw Convenience gave up the store and petitioner cannot use licenses that were issued to an entirely separate corporate entity. As respondent correctly observes, by submitting an application that Ersaw Convenience had sold the business to petitioner, there was no eligible entity to which respondent could reinstate the licenses. This is not a situation in which Ersaw Convenience itself seeks to reinstate its licenses; in fact, it is not a party to this proceeding.

Petitioner's reference to an October 2018 incident in which respondent reinstated a license is not a reason to grant the instant petition. That incident concerned completely different facts and, in any event, respondent is not bound by a single prior decision.

**Summary**

The Court dismisses this proceeding on the ground that petitioner did not timely serve the petition. And, even on the merits, the Court denies the petition.

Accordingly, it is hereby

ADJUDGED that the petition is denied and this proceeding is dismissed without costs or disbursements.

| | | |
|---|---|---|
| **6/26/2024** | | |
| **DATE** | | **ARLENE P. BLUTH, J.S.C.** |

| CHECK ONE: | X CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**159702/2019   7 ELEVEN, INC. vs. DEPARTMENT OF CONSUMER AFFAIRS**          **Page 6 of 6**
**Motion No.  001**

[* 6]                                                            6 of 6